GERIATRIC AUTHORITY OF HOLYOKE *vs.* RATE SETTING COMMISSION. January 13, 1986. *Administrative Law,* Rate setting, Judicial review, Exhaustion of remedies. *Rate Setting Commission. Declaratory Relief.*

The Geriatric Authority of Holyoke (the authority) operates a municipal nursing home. See St. 1971, c. 554, as amended through St. 1973, c. 1097. It is reimbursed by the Commonwealth for providing care to certain patients who receive public assistance at a per diem rate fixed by the Rate Setting Commission (the commission). See G. L. c. 6A, § 31, and later sections inserted by St. 1973, c. 1229, § 2, and as from time to time amended. The commission has promulgated regulations, usually applicable to classes or groups of health care providers (such as skilled nursing homes), prescribing methods of computing per diem rates of reimbursement for individual providers of nursing care, in relation to such providers' costs for a period as determined in accordance with the regulations. See 114.2 Code of Massachusetts Regulations (CMR) §§ 2.02 and 2.06 (as in force between 1977 and 1979) and the comparable provisions of generally similar regulations in force in 1976 and 1980. See 14 Code of Human Services Regs. §§ 202.21, 202.29, and 206.63-206.92.

One type of cost incurred each year by the authority consists of payments to the municipal retirement system under G. L. c. 32, § 22 (7) *(c),* as from time to time amended. These payments appear to be much the same in

---

[2] Contrast on this point *Dominick* v. *Dominick,* 18 Mass. App. Ct. 85, 87-88 (1984).

purpose for the authority as those made by private providers through payments into the Social Security system or privately established pension, group insurance, or retirement funds. At the arguments, we were told that the only other similar municipal authority in Massachusetts did not exist until 1982. See St. 1982, c. 76.

Although there had been transferred to the authority, pursuant to St. 1972, c. 199, all persons previously employed by a then existing municipal nursing home, retirement payments presumably would vary somewhat from year to year in relation to the bed occupancy of the authority's nursing home. The commission, probably because of the possibility of varying (to the extent permitted by civil service provisions) the number of the authority's employees in relation to the number of vacant beds (and thus the amount of the retirement payments), regarded these payments as "variable" costs. Accordingly, the commission compared the authority's aggregate variable costs with the aggregrate variable costs of a group of other comparable providers, pursuant to the commission's regulations. The reimbursement rate set for the authority in each of the years 1976 to 1980, inclusive, was not adequate to reimburse the authority fully for all its variable costs, including the payments into the municipal retirement system.

Except with respect to the reimbursement rate set by the commission for it in 1980, the authority did not seasonably claim an administrative appeal from the commission's annual setting of a rate. See G. L. c. 6A, § 36. As to its 1980 rate, the authority did claim such an administrative appeal.

The authority brought in the Superior Court the present action seeking a declaratory judgment that the commission's regulations improperly treat pension and retirement costs as variable. See G. L. c. 30A, § 7, and c. 231A. On the authority's motion, a judge of the Superior Court granted a partial summary judgment for the authority, on October 12, 1984, (1) declaring "that *as applied to the* . . . *[a]uthority['s]* . . . *contributions to the municipal retirement system"* (emphasis supplied), the regulations (114.2 CMR 2.02 [28], 2.02 [19], and 2.06) "governing the setting of rates of reimbursement for publicly aided patients are arbitrary and capricious and therefore invalid," and (2) that the commission "in setting both interim and final rates for publicly aided patients is required to set such rates so the" authority's contributions will be reimbursed in full. The commission appealed both from the judgment and from the judge's denial of its motion to dismiss.

We hold that the judge should have granted the commission's motion to dismiss the authority's complaint. Mass. R. Civ. P. 12(b)(1) and (6), 365 Mass. 754-755 (1974). Regulations which are generally applicable may be reviewed by declaratory proceedings. G. L. c. 30A, § 7, and c. 231A. Rates applicable only to a particular provider may be reviewed only under the administrative review expressly provided. See *Massachusetts Gen. Hosp.* v. *Rate Setting Commn.,* 359 Mass. 157, 163-165 (1971); *Massachu-*

*setts State Pharmaceutical Assn.* v. *Rate Setting Commn.,* 387 Mass. 122, 126, 139-140 (1982, where there was a challenge to essentially a state-wide fee imposed upon pharmacies pursuant to a regulation of the commission). As was stated in the *Massachusetts State Pharmaceutical Assn.* case, at 132-133, n.11, "the line between the concepts [of adjudicatory and regulatory proceedings] is not precise" and some regulations may have aspects both of general regulatory impact and of specific application in fixing a rate. Here, we think, the real controversy concerns the application of general regulations to a single provider and thus the issues relate predominately to the setting of an individual provider's reimbursement rate. Every issue raised by the authority could have been raised and decided in an administrative appeal under G. L. c. 6A, § 36. See, e.g., *Cliff House Nursing Home* v. *Rate Setting Commn.,* 378 Mass. 189, 193-194 (1979). Compare *Murphy Nursing Home, Inc.* v. *Rate Setting Commn.,* 364 Mass. 454, 462 (1973), involving a "rate freeze", and *Addison Gilbert Hosp.* v. *Rate Setting Commn.,* 390 Mass. 17, 21, n.7 (1983). In each case, it was pointed out, in effect, that individual provider's rates were not in controversy.

The judgment of the Superior Court is reversed. The case is remanded to that court where a new judgment is to be entered (1) declaring that the Superior Court is now without jurisdiction to grant relief under G. L. c. 30A, § 7, and c. 231A, with respect to the adequacy of the reimbursement rates set for the authority for the years 1976-1980, inclusive, and (2) dismissing the authority's complaint without prejudice to a judicial review of the 1980 reimbursement rate after all appropriate administrative remedies have been exhausted by the authority.

*So ordered.*

*William L. Pardee,* Assistant Attorney General, for the defendant.
*Peter H. Barry* for the plaintiff.