## Medi-Cab of Massachusetts Bay, Inc. *vs.* Rate Setting Commission.

Suffolk. September 11, 1987. — December 21, 1987.

Present: Hennessey, C.J., Liacos, Abrams, & Lynch, JJ.

*Division of Administrative Law Appeals. Administrative Law,* Agency, Failure to raise issue before agency, Judicial review, Rate setting, Regulations, Substantial evidence, Remand to agency. *Rate Setting Commission. Medicaid. Regulations.*

On appeal by the Rate Setting Commission from a final judgment of the Superior Court affirming a decision of the Division of Administrative Law Appeals in which the division had approved an individual reimbursement rate higher than the class-based rate set by the commission for the plaintiff, a provider of nonemergency ambulance services, the commission was precluded from asserting that the division erroneously disregarded a valid regulation when it allowed the plaintiff an increased rate above the class rate, where a stipulation filed by the parties had allowed the division to set a reasonable individual rate for the plaintiff based on, among other things, its costs and where, in addition, the commission had expressly waived "any appeal from or regarding the issues decided [in an earlier decision of the division]" in which the division had found that the class-based rate had been set invalidly under G. L. c. 6A, § 32. [363-365]

On appeal by the Rate Setting Commission from a final judgment of the Superior Court affirming a decision of the Division of Administrative Law Appeals in which the division had approved an individual reimbursement rate higher than the class-based rate set by the commission for the plaintiff, a provider of nonemergency ambulance services, there was no merit to the commission's contentions that the division had relieved the plaintiff of its burden of proving the inadequacy of the class-based rate set by the commission [365-367], that the division had set an individual rate that covered the plaintiff's actual costs, instead of reasonable costs [367-369], and that the division's decision had not been supported by substantial evidence [369-370].

With respect to a proceeding before the Division of Administrative Law Appeals in which the parties, the Rate Setting Commission and a health care provider, had requested that if the division found the class-based reimbursement rate set for the provider by the commission inadequate,

the division should determine a new individual rate for the provider, this court, in the absence in the record of any finding by the division relating to the inclusion of attorney's fees as part of the provider's operating expenses to be used for purposes of determining proper reimbursement of costs of the provider, remanded the case to the division for consideration and determination of the question. [370-371]

CIVIL ACTION commenced in the Superior Court Department on November 21, 1978.

The case was heard by *Elbert Tuttle, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Despena Fillios Billings,* Assistant Attorney General, for Rate Setting Commission.

*Jeffrey Swope (H. Virginia McIntyre* with him) for the plaintiff.

ABRAMS, J. This is an appeal by the Rate Setting Commission (commission), pursuant to G. L. c. 30A, § 15, from a final judgment of the Superior Court affirming a decision of the Division of Administrative Law Appeals [1] (division) in which the division approved for the appellee, Medi-Cab, an individual reimbursement rate higher than the class-based rate set for Medi-Cab by the commission. The commission also appeals from the Superior Court judge's order remanding the case to the commission for promulgation of regulations regarding inclusion of attorney's fees incurred in rate appeals from the class-based rate. [2] We transferred the case to this court on our

---

[1] The Division of Administrative Law Appeals was formerly the Division of Hearings Officers. G. L. c. 7, § 4H, as appearing in St. 1983, c. 683. The term "division" will be used to refer to that agency under both its old name and its new name.

[2] Normally, an order of remand to an administrative agency is interlocutory and not appealable. *Metropolitan Dist. Comm'n* v. *Department of Pub. Utils.,* 352 Mass. 18, 30 (1967). *Marlborough Hosp.* v. *Commissioner of Pub. Welfare,* 346 Mass. 737 (1964). Thus, this appeal is premature. Nevertheless, because of the age of this matter and because the parties already have briefed and argued the case on the merits, we proceed to decide the issues presented. *Heil* v. *McCann,* 360 Mass. 507, 510-511 (1971).

own motion. We modify the Superior Court judgment to order remand of the issue of attorneys' fees to the division instead of the commission, and, as modified, the decision of the Superior Court judge is affirmed.

I. *Background.* During the years 1975 through 1977, the period covered by this appeal, Medi-Cab provided nonemergency ambulance services (chair-car service) to persons confined in wheelchairs. Many of Medi-Cab's passengers were recipients of Medicaid or other public assistance. On June 20, 1975, the commission, by its regulation designated 14 C.H.S.R. § 401 (1975),[3] adopted a class-based (or industry wide) reimbursement rate effective August 1, 1975, for Medicaid providers of chair-car services, including Medi-Cab. The commission, by § 401.18 of its regulations, adopted a flat rate of fourteen dollars per trip, plus fifty cents per mile after an initial five miles, plus five dollars for each trip involving two attendants.

Medi-Cab, the primary provider of after-hours and weekend services in its area of operation, believed that it was entitled to an individual cost-based rate, higher than the uniform "class-based" rate promulgated by the commission. Medi-Cab was uncertain, however, of the proper route by which to seek appeal of the fourteen-dollar rate. Two routes appeared open. First, because the fourteen-dollar rate was embodied in a regulation which applied to an entire class of providers, Medi-Cab recognized that its only remedy might be to challenge the regulation by way of an action for declaratory judgment in the Superior Court pursuant to G. L. c. 30A, § 7, and G. L. c. 231A. Second, because it was seeking relief in the form of an individual rate, Medi-Cab recognized that it might have to appeal the fourteen-dollar rate to the division pursuant to G. L. c. 6A, § 36.[4] To be safe, it did both. Medi-Cab filed a complaint in the Superior Court, and filed an appeal with the division.

---

[3] The Code of Human Services Regulations (C.H.S.R.) was a predecessor of the Code of Massachusetts Regulations.

[4] General Laws c. 6A, § 36, par. 1, inserted by St. 1973, c. 1229, allows a provider aggrieved by an individual rate set for it by the commission to appeal that individual rate to the division for a determination whether the rate

The commission moved to dismiss both proceedings. In doing so, it raised contradictory arguments which, if both were accepted, would have denied Medi-Cab an appeal in any forum. Before the Superior Court judge, the commission argued that Medi-Cab's remedy was to a "determination, if plaintiff is entitled to one, . . . in the first instance by the Division of Hearing Officers under Mass. Gen. Law Ann. ch. 6A, § 36." A Superior Court judge agreed, and dismissed the complaint on grounds of Medi-Cab's failure to exhaust its administrative remedy before the division.

Before the division, the commission then argued that Medi-Cab's administrative appeal be dismissed on the ground that the division had no authority to review a class-based rate promulgated by regulation. Based on the decision of the Superior Court, the division denied the commission's motion to dismiss, and heard the appeal. Eight days of administrative hearings followed in the summer and fall of 1977 during which Medi-Cab introduced evidence concerning its costs.

On September 26, 1978, the division issued a 27-page decision in which it made two crucial rulings. First, the division found that the commission was required, under G. L. c. 6A, § 32, to establish for Medi-Cab "an individual rate of reimbursement based upon, among other things, [Medi-Cab's] actual costs." Second, the division found that the flat rate appearing at 14 C.H.S.R. § 401 (1975) did not satisfy the commission's statutory requirement under G. L. c. 6A, § 32. Based on these findings, the division remanded the case to the commission with orders that the commission promulgate a regulation specifying the manner of calculating an individual rate for Medi-Cab. The commission did not appeal from the division's decision at that time, but instead sent a letter to Medi-Cab's attorneys in which it "rejected" the decision. On November 21, 1978, Medi-Cab commenced the instant action in the

is "adequate, fair and reasonable for such provider, based, among other things, on the costs of such provider." See note 9, *infra*.

Superior Court under G. L. c. 6A, § 36, seeking a declaration that the commission must comply with the division's order.[5]

More than four years later, while this action still was pending before the Superior Court, the commission again changed its view as to the proper forum for Medi-Cab's appeal. On January 19, 1983, the commission filed a joint motion with Medi-Cab before the division, proposing that the division reopen Medi-Cab's administrative appeal. To make sure that all of the parties agreed to the limited scope of the renewed hearings, Medi-Cab's counsel orally presented the joint motion, stating that the sole purpose of the hearing was to establish an individual rate for Medi-Cab, and that the commission had waived any appeal from the issues decided in the division's first decision.[6] Thereafter, the motion was reduced to writing, and the following stipulation was before the division: "The parties to the above-entitled appeal move that the record in the appeal be reopened for the presentation of further evidence and a determination, based on all of the evidence in the record, whether

---

[5] Several months after Medi-Cab filed the instant action in the Superior Court, this court ruled in *Cliff House Nursing Home, Inc.* v. *Rate Setting Comm'n,* 378 Mass. 189, 194 (1979), that the commission cannot "reject," but is bound by, decisions of the division. We held further that the commission's remedy, when it is dissatisfied with a decision of the division, is to appeal to the Superior Court. *Id.* at 194-195. In apparent response to the *Cliff House* decision, the commission moved to file an "omitted counterclaim" adding the division as a party to the instant action. This motion never was heard or ruled on by the Superior Court, and the division is not a party before us on this appeal.

[6] The attorney for Medi-Cab presented the joint motion orally, stating that, "[T]he parties agree to the reopening of the record for the presentation of further evidence and a determination based both on the evidence that was presented earlier and the evidence that is presented at the reopened portion of the hearing as to whether the [appealed rate] is adequate, fair and reasonable based, among other things, on [Medi-Cab's costs]. And if . . . such a determination is not made, the Commission determine a new rate." In addition, he stated: "The further understanding of the parties is that the [commission] waives any appeal from or regarding the issues decided in the decision issued by Hearing Officer Emmer dated September 26, 1978 in this appeal." Finally, he added that "the parties have stipulated on the underlying accounting evidence . . . ." When the hearing officer asked counsel for the commission if she had anything to say in response to the oral motion, she responded simply, "No."

the appealed rate is adequate, fair, and reasonable for [Medi-Cab], based, among other things, on the costs of such provider, and that if such a determination is not made, the Division determine a new rate for [Medi-Cab]. The [commission] waives any appeal from or regarding the issues decided in the decision of the Division of Hearings Officers dated September 26, 1978, in this appeal." The hearing officer allowed the motion to reopen the hearing on the narrow issue of setting an individual reimbursement rate for Medi-Cab.

On January 3, 1985, the division issued its decision, in which it determined (a) that Medi-Cab had established that the class rate "did not adequately, fairly and reasonably reimburse its costs"; (b) that Medi-Cab's methodology for arriving at an individual rate was "adequate and reasonable"; (c) that, although certain costs were "arguably unreasonable" on the evidence before the division, Medi-Cab's costs were reasonable; and (d) that Medi-Cab's basic trip rate be as proposed by Medi-Cab.[7]

Thereafter, each party timely moved for reconsideration, Medi-Cab seeking inclusion of the legal fees generated in its protracted rate appeal as a reasonable cost for purposes of determining its rate (which would have increased its rate by ninety-six cents per trip), and the commission challenging the entire decision as erroneous. After hearing, the motions were denied.[8] On March 25, 1985, Medi-Cab moved in the Superior Court to restore its pending lawsuit to the docket of active cases.

---

[7] That basic trip rate was: $19.40 for the period August 1, 1975, to March 31, 1976; $20.27 for April 1, 1976, to March 31, 1977; and $21.79 for April 1, 1977, to December 31, 1977. Medi-Cab ceased operations in December, 1977.

[8] Eleven days after denial of the motions for reconsideration, the division issued an addendum to its decision which, after referring to the parties' "stipulation" (i.e., joint motion), added the following footnote to the decision: "Due to the peculiar procedural background of this case and the desire to avoid complex jurisdictional litigation, the parties agreed and stipulated that the Division determine a new rate for the Appellant, if the Division found the class-based rate was not fair, adequate and reasonable for the Appellant. Hence, this decision is limited by the terms of the stipulation to this case and does not establish precedent for future class-based rate appeals." We agree with this limitation. See note 9, *infra.*

Each party petitioned for judicial review under G. L. c. 6A, § 36; Medi-Cab from the division's failure to rule on attorneys' fees, and the commission from the entire decision. A Superior Court judge affirmed the division's decision, and further ordered the commission to promulgate regulations regarding the inclusion of attorneys' fees in a provider's rate of reimbursement.

II. *Discussion.* Three issues are before this court: (a) the effect of the stipulation of the parties, including the commission's waiver; (b) whether the division, in its decision of January 3, 1985, set an appropriate reimbursement rate for Medi-Cab; and (c) whether the Superior Court properly ordered the commission to promulgate a regulation regarding inclusion of attorneys' fees in the reimbursement calculation for providers of chair-car service. We discuss these issues separately.

A. *The stipulation and waiver.* The stipulation filed by the parties on January 19, 1983, allowed the division to set a reasonable individual rate for Medi-Cab based, among other things, on Medi-Cab's costs. The commission now concedes, as a result of the stipulation, that the reopened proceedings were properly before the division as proceedings on an individual rate for Medi-Cab.[9] Nevertheless, in its brief the com-

---

[9] "Where a provider's challenge is to the substantive validity, that is, the adequacy, of a regulation of general application and not to the peculiar application of that regulation to the provider, the division is without authority to act, and the remedy for the provider is to proceed by way of an action for declaratory judgment under G. L. c. 30A, § 7, and G. L. c. 231A" (footnotes omitted). *Beth Israel Hosp. Ass'n* v. *Rate Setting Comm'n,* 24 Mass. App. Ct. 495, 503 (1987). Although Medi-Cab consistently has sought relief from the fourteen-dollar rate solely in the form of the determination of an individual cost-based rate, we think that Medi-Cab's original appeal constituted a "challenge to the substantive validity . . . of a regulation of general application," *id.,* and thus its initial filing before the Superior Court should not have been dismissed. By stipulation of the parties, however, Medi-Cab became entitled to have set for it an individual rate, and the division is the proper forum for review of individual rates.

The line between a challenge to the substantive validity of a general regulation and an appeal from "the peculiar application of that regulation to the provider" is not always clear. *Id.* The Appeals Court correctly noted in *Beth Israel* that the line cannot be between "facial" challenges and "as applied" challenges, because every provider can phrase a challenge to a

mission asserts to this court that the effect of the stipulation and the waiver was to render the division's decision of September 26, 1978, a nullity, and that the division was not authorized to determine for Medi-Cab an "increased rate beyond the class rate." We do not agree.

The parties stipulated that the division reopen its hearings on the sole issue whether the fourteen-dollar rate set by the commission was "adequate, fair and reasonable" for Medi-Cab based, among other things, on Medi-Cab's costs. The stipulation expressly permitted the division to determine an individual rate for Medi-Cab, if the division found the fourteen-dollar rate inadequate. The stipulation allowed the division to consider the evidence presented at the earlier hearing. It also permitted the division to consider further evidence. This stipulation precludes the commission from asserting on appeal that its class-based rate is valid and that the setting of an individual rate was error. See *Murray* v. *Second Dist. Court of E. Middlesex,* 389 Mass. 508, 515 (1983); *Shamrock Liquors, Inc.* v. *Alcoholic Beverages Control Comm'n,* 7 Mass. App. Ct. 333, 335 (1979). "[A] party is not entitled to raise an argument on appeal if the claim could have been raised, but was not raised, before the administrative agency." *Langlitz* v. *Board of Registration of Chiropractors,* 396 Mass. 374, 382 (1985). *Massachusetts Ass'n of Older Americans, Inc.* v. *Commissioner of Ins.,* 393 Mass. 404, 413 (1984). *Albert* v. *Municipal Court of Boston,* 388 Mass. 491, 493 (1983).

---

general regulation as an appeal from the particular rate set for it under that regulation. *Id.* However, when a provider challenges a class-based rate (as Medi-Cab did), the line, in theory, is clear; the provider properly may appeal that rate to the division only if the provider can demonstrate circumstances — other than voluntary business decisions — which make application of the rate to that provider different from its application to all other providers in the class. Compare *Beth Israel, supra* at 503-504 & n.16, with *Geriatric Auth. of Holyoke* v. *Rate Setting Comm'n,* 21 Mass. App. Ct. 953 (1986) (Authority was the only provider making payments to the municipal retirement system). In all other cases where no differences can be shown, a class-based rate may be appealed only to the Superior Court in an action for a declaratory judgment. Accord *Massachusetts State Pharmaceutical Ass'n* v. *Rate Setting Comm'n,* 387 Mass. 122, 140 (1982).

In addition to the stipulation of the parties, the commission expressly waived "any appeal from or regarding the issues decided in the decision of the Division . . . dated September 26, 1978 . . . ." One of the findings made in that earlier decision was that the class-based rate had been set invalidly under G. L. c. 6A, § 32. Thus, the issue whether Medi-Cab was bound by the class rate as a rate set under a validly promulgated regulation was not before the division,[10] and the commission, which expressly waived the issue of the validity of the class-based rate as applied to Medi-Cab,[11] may not argue on appeal that the division erroneously disregarded a valid regulation when it allowed Medi-Cab an increased rate above the class rate. "The theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review of the acts of the [agency]." *Commissioner of Revenue* v. *McGraw-Hill, Inc.*, 383 Mass. 397, 404 (1981), quoting *Kagan* v. *Levenson*, 334 Mass. 100, 106 (1956). See *Smith* v. *Smith*, 5 Mass. App. Ct. 874 (1977) (issue expressly waived below is not before appellate court).

B. *Medi-Cab's rate.* General Laws c. 6A, § 36, provides that judicial review of a decision of the division shall be governed by G. L. c. 30A, § 14. Under the provisions of § 14 relevant to this appeal, a party seeking relief from the division's decision must show in the Superior Court that the decision either was based on an error of law or was unsupported by substantial evidence in the record. G. L. c. 30A, § 14 (7) (c),

---

[10] The commission, of course, could argue to the division that fourteen dollars per trip was a reasonable individual rate for Medi-Cab. We hold only that the commission waived its argument that the fourteen-dollar rate was promulgated validly and was binding as applied to Medi-Cab. See note 14, *infra*.

[11] The commission plainly had the authority to make such a waiver. Section 36 of G. L. c. 6A (1986 ed.), which allows administrative and judicial review of commission actions, provides: "Nothing herein shall prevent the Commission from granting temporary relief if, in its discretion, the same is justified nor, from informally adjusting or settling controversies with the consent of the parties."

(e).[12] The commission makes three such arguments: The commission alleges first, that the division relieved Medi-Cab of its burden of proving inadequacy of the fourteen dollar rate; second, that the division set an individual rate that covered Medi-Cab's actual costs, instead of reasonable costs; and third, that the division's decision was not supported by substantial evidence. We find no merit in these contentions.

1. *Burden of proof.* In a rate appeal under G. L. c. 6A, § 36, the burden of proof lies with the provider to demonstrate that the rate established by the commission is inadequate or unreasonable. See *Murphy Nursing Home, Inc.* v. *Rate Setting Comm'n,* 364 Mass. 454, 463 (1973), appeal dismissed, 417 U.S. 962 (1974) (applying the statutory predecessor to G. L. c. 6A, § 36). This burden of proof is a heavy one. *Massachusetts State Pharmaceutical Ass'n* v. *Rate Setting Comm'n,* 387 Mass. 122, 136 (1982). The commission argues that Medi-Cab also had the burden of proving that it experienced "extraordinary circumstances beyond its control" to justify increased reimbursement beyond the class-based rate. We disagree. To impose the latter burden would grant an inappropriate presumption of validity to the class-based rate as applied to Medi-Cab. As discussed above, the division found in its decision of September 26, 1978, that the class-based rate had been promulgated invalidly under G. L. c. 6A, § 32,[13] and the commission expressly waived any appeal from that determination. As a result, the commission's argument that the class-based rate was

___

[12] Appeal from the judgment of the Superior Court is granted under G. L. c. 30A, § 15, and the applicable standard of review in this case is set out in G. L. c. 30A, § 14. See *Southern Worcester County Regional Vocational School Dist.* v. *Labor Relations Comm'n,* 377 Mass. 897, 903 (1979).

[13] The hearing officer wrote: "I find . . . that pursuant to M.G.L. c. 6A, § 32, [Medi-Cab] is entitled to have established for it, based upon a regulation specifying the method of calculation, at least annually, an individual rate of reimbursement based upon, among other things, its actual costs. I further find, that Regulation 14 CHSR Title 14, Chapter IV, Part 401, Subpart C, ss. 401.18-401.19, does not so provide, and thus, the [commission] has 'failed to set a rate and to take other action required by law.' (M.G.L. c. 6A, s. 36.)" When the commission waived its appeal from the division's first decision, it became bound by this finding. See *supra* at 365.

reasonable for Medi-Cab, while entitled to be weighed in evidence by the division in the reopened hearings, could not establish the presumptive validity or reasonableness of that rate as applied to Medi-Cab. Whatever deference might be due a validly issued regulation disappeared in this case, because the only pertinent regulation issued by the commission was found invalid, and the commission waived its appeal from that finding.[14]

The division plainly held Medi-Cab to its burden of proving the inadequacy of the fourteen-dollar rate and the appropriateness of the higher rates sought. During the hearings, Medi-Cab introduced detailed accounting evidence regarding its costs, the scope of its business, and the nature of the chair-car services it offered. The division's comment regarding the commission's failure to introduce evidence of comparable expenses of other chair-car service providers does not indicate a shift in the burden of proof.[15] As we read the division's decision, the comment indicates merely that the division rejected the commission's efforts on cross-examination and through its witness to undermine Medi-Cab's evidence as to the reasonableness of its costs. The division weighed the evidence before it and found that Medi-Cab had met its burden. We agree with the Superior Court judge's statement that "[t]he efforts made by the Commission to impeach the evidence offered by Medi-Cab simply failed. This does not mean that the burden had been shifted."

2. *Reasonable costs.* Reimbursement may be provided only for "reasonable" costs, not "actual" expenses. *Cliff House Nursing Home, Inc.* v. *Rate Setting Comm'n,* 16 Mass. App. Ct.

---

[14] The commission correctly points out that its regulations normally must be presumed valid by a court, and that validly promulgated regulations are entitled to the same deference accorded to legislative enactments. *Massachusetts State Pharmaceutical Ass'n* v. *Rate Setting Comm'n, supra* at 127. *Greenleaf Fin. Co.* v. *Small Loans Regulatory Bd.,* 377 Mass. 282, 293-294 (1979). *Palm Manor Nursing Home, Inc.* v. *Rate Setting Comm'n,* 359 Mass. 652, 655-656 (1971).

[15] Since the burden was on Medi-Cab, the commission was not required to do any cross-examination or submit any rebuttal evidence.

300, 303 (1983). The division correctly stated this standard in its second decision, citing the 1983 Appeals Court decision in *Cliff House*. The division also noted that "any unnecessary and unjustifiable expenses Medi-Cab incurred would not be reimbursable," and that "Medicaid providers are not to be reimbursed for expenses that occur as a result of improvidence or inefficiency."

The division's comment that "some of Medi-Cab's expenses are arguably unreasonable," reflects nothing more than the fact that the commission chose to question certain listed expenses on cross-examination or with rebuttal evidence.[16] Medi-Cab, however, justified each of the challenged expenses,[17] and the division expressly concluded, on the basis of the evidence before it, that Medi-Cab's costs were reasonable.

---

[16] The challenged expenses included salaries for certain administrative and clerical personnel, computer services, consultants and printing, the use of two vans on two-man assisted calls, the use of cars with four to six wheelchair positions to transport single patients, and the employment of maintenance and repair staff for vehicles, rather than use of a purchased service.

[17] Evidence was presented that showed the salaries of the principal administrative personnel to be comparatively low in relation to responsibility carried. As to computer services, Medi-Cab withdrew its original submission of costs and introduced a lower figure calculated on the basis of an allocation method proposed by the commission. The commission cannot now argue that its own allocation formula is unreasonable. Medi-Cab showed that its consulting fees were related to obtaining advice on improving efficiency, and showed that it was less expensive to print Medicaid claim forms which could be computer-processed than it was to use the State-supplied forms, which had to be processed by hand. As to the use of cars with four to six wheelchair positions to transport single patients, Medi-Cab responded that the larger cars had a better resale value and could be acquired less expensively. As to the use of its own maintenance and repair staff rather than use of outside services, Medi-Cab indicated that it performed only minor repairs in-house and that its maintenance man performed many other useful services for the company. To the charge that they used two vans on two-man assist calls, Medi-Cab indicated that sometimes the second van was already in the area of the call. The fact that the commission challenged Medi-Cab's business practices as inefficient could be considered by the division, but ultimately it is the division's decision as to which view of the evidence is more credible. See *Southern Worcester County Regional Vocational School Dist.* v. *Labor Relations Comm'n,* 386 Mass. 414, 419-420 (1982).

The commission also claims that the cost of Medi-Cab's basic chair-car trip was inflated by an improper allocation of expenses from Medi-Cab's separate ambulance company. While the commission might have preferred a different allocation method, its regulations prescribed no particular method, and the commissioner who testified for the commission admitted on cross-examination that Medi-Cab's theory of allocation was "probably all right." Medi-Cab articulated the rationale for its allocation method before the division, and the division expressly found Medi-Cab's method reasonable.

3. *Substantial evidence.* "Substantial evidence" is such evidence "as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1 (6) (1986 ed.). *New Boston Garden Corp.* v. *Assessors of Boston,* 383 Mass. 456, 466 (1981). Under the substantial evidence test, a reviewing court is not empowered to make a de novo determination of the facts, to make different credibility choices, or to draw different inferences from the facts found by the division. See *Southern Worcester County Regional Vocational School Dist.* v. *Labor Relations Comm'n,* 386 Mass. 414, 419-420 (1982). "A court may not displace an administrative board's choice between two fairly conflicting views, even though the court [might] justifiably have made a different choice had the matter been before it de novo." *Id.,* quoting *Labor Relations Comm'n* v. *University Hosp., Inc.,* 359 Mass. 516, 521 (1971). *School Comm. of Wellesley* v. *Labor Relations Comm'n,* 376 Mass. 112, 120 (1978).

The commission asserts that certain of Medi-Cab's costs should have been disallowed automatically because they allegedly are "not related to patient care as required by Medicaid regulations." These costs include bad debt, income taxes, advertising, life insurance on key employees, start-up (organizational) costs, and franchise fees and royalties. We construe the commission's assertion to suggest that, if these costs are nonreimbursable and should have been excluded, then the division's decision is not supported by substantial evidence. The commission cites no statute, regulation, or case authority to support its opaque assertion of automatic disallowance. Thus,

the commission's perfunctory effort on the issue of automatic disallowance fails to rise to the level of appellate argument contemplated by Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975), which requires that a brief filed with this court, "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." We therefore treat this issue as waived. *McCone v. New England Tel. & Tel. Co.,* 393 Mass. 231, 236 (1984). *Commonwealth* v. *Elder,* 389 Mass. 743, 747 n.9 (1983).

Nevertheless, we point out some of the defects in the commission's vague contention of automatic disallowance. For example, Medi-Cab never submitted bad debt, income taxes, or advertising — three of the expenses the commission asserts should be disallowed — among the expenses for which it sought reimbursement. Similarly, Medi-Cab withdrew from the division's consideration the cost of life insurance on Medi-Cab's key employees. As to Medi-Cab's amortization of start-up or organizational costs, the commission's own witness conceded that amortization is not prohibited automatically by the commission's regulations. Finally, as to franchise fees and royalties, the record reveals that the commission failed to bring to the attention of the division, the Superior Court, and this court, any regulation applicable to Medi-Cab which prohibits reimbursement of these costs. In the absence of evidence in the record or authority in the commission's brief to support the commission's claim that franchise fees and royalties are nonreimbursable, there was no error in the division's considering these costs. In short, the division's decision is supported by substantial evidence.

C. *Attorneys' fees.* The commission is directed by G. L. c. 6A, § 32, inserted by St. 1973, c. 1229, § 2, to "establish by regulation those expenses treated as business deductions under the Internal Revenue Code which shall be included as allowable operating expenses in determining rates of reimbursement." See *Massachusetts State Pharmaceutical Ass'n* v. *Rate Setting Comm'n,* 387 Mass. 122, 129 (1982) ("The statute indicates that business expenses allowed as deductions for Federal in-

come tax purposes may be included as operating expenses"). Legal fees are deductible for Federal tax purposes. See 26 U.S.C. § 162 (1982). Medi-Cab introduced evidence before the division in 1983 that it had incurred $38,325.27 in legal fees in prosecuting the appeal of its rates, which, if included in full in determining Medi-Cab's rate, would increase its cost per trip by ninety-six cents. The division's decision omitted any mention of attorneys' fees. When there is no finding on an issue, the courts "cannot know whether . . . [the agency] rejected or merely disregarded" the evidence. *Smith* v. *Director of the Div. of Employment Sec.,* 376 Mass. 563, 568 (1978). The absence of any finding requires a remand to the agency for consideration and determination of the question. *Cliff House Nursing Home, Inc.* v. *Rate Setting Comm'n,* 16 Mass. App. Ct. at 306-307.

In this case, a remand to the division, not the commission, is appropriate. The parties requested in their joint motion of January 19, 1983, that, if the division found the fourteen-dollar rate inadequate, the division should determine a new individual rate for Medi-Cab. Thus, the issue of the reasonableness of Medi-Cab's costs, including its attorneys' fees, was before the division.

We therefore remand the issue of attorneys' fees to the Superior Court with instructions that this matter be remanded to the division for a determination whether and to what extent Medi-Cab's attorneys' fees are includable as reasonable expenses in determining Medi-Cab's individual reimbursement rate. On remand, as before, Medi-Cab will bear the burden of proving that the attorneys' fees for which it seeks reimbursement are reimbursable and reasonable. As so modified, the judgment of the Superior Court is affirmed.

*So ordered.*