Beattie, J.
This is an action under St. 1986, c. 72, §6(a), (the “act”) for judicial review of a decision of the Amherst Housing Review Board.
The plaintiff seeks to set aside the decision of the Board reducing the rents charged at the plaintiffs Amherst rental apartment complex known as Brandywine Apartments. Plaintiff asserts that the Board lacked jurisdiction to hear the petition seeking rent review, that the Board violated its own rules, regulations or policy in failing to dismiss the petition for nonpayment of rent, and that the Board failed to comply with the requirements of the act in deciding to reduce the plaintiff s rents.
The case was presented to the Court, Connon, J., by way of a Statement of Agreed Facts.
Essentially, plaintiff, Lilyan Waxman, is general partner of Amshrew Associates (“Amshrew”).
Amshrew owns and operates theBrandywineApartmentsinAmherst. Brandywine is composed of a complex of 180 rental units, 120 two bedroom, and 60 one bedroom. At the time of the actions complained of, five of the units at Brandywine were subsidized units.
Defendant Amherst Housing Review Board (“Board”) is amunicipal agency of the defendant, Town of Amherst (‘Town), duly existing under authority of a special act of the General Court, St. 1986, c. 706, as amended by St. 1986, c. 72.
Defendants Manitsas, Durkin, Herbst and Hamerski (“tenants”) resided at Apt. 3G, Brandywine Apartments at all times material thereto.
As of June 1, 1987, tenants entered into a one-year lease with Amshrew for Apt. 3G of the Brandywine Apartments, at a monthly rental of $635.00.
On or about November 6, 1987, defendant Manitsas filed with the “Board” a document entitled “petition,” in which he requested that the Board review his rent. *90 Manitsas, prior to the filing of the petition, had been sent a letter stating the Board’s requirements for filing and maintaining a rent review petition.
The Board met on nine occasions between November 16, 1987 and March 28, 1988 regarding Manitsas’ petition. During that time, plaintiff filed numerous documents, memoranda, etc. with relation to this petition and the hearing thereon. Also, during that time, on or about December 15, 1987, the Board received a document entitled “Petition for Consolidation of All Comparable Units” at the Brandywine Apartments. From the Report, it is unclear from whom this petition was received.
On March 28, 1988, the Board conducted its hearing regarding Manitsas’ petition. At that time, as well as on the subsequent hearing date of April 4, 1988, the Board heard conflicting testimony as to the question of whether or not Manitsas was current with his rent as is required by the Board’s Rules and Regulations for the maintenance of the petition. The Board twice voted not to dismiss the petition on this issue.
At no time during the two hearing dates did the Board receive or entertain any motion to dismiss presented by the plaintiff that the Board lacked jurisdiction to hear the petition.
The Board rendered its decision on the petition by a decision and findings dated April 19, 1988, and filed with the town clerk on April 21, 1988 reducing the rents at the Brandywine complex.
The District Court Department, Northampton Division, Connon, J., affirmed the decision of the Board.
Three issues are presented in this case.
(1) Whether theBoard had jurisdiction to review Amshrew’s rents attheBrandywine Apartments, based on the petition presented by the defendant, Manitsas.
(2) Whether the Board violated its own regulations by denying Amshrew’s Motion to Dismiss for failure of defendant to remain current with the rent.
(3) Whether the Board complied with the substantive and procedural requirements of St. 1986, c. 72 when applying the Maintenance of Net-Operating-Income formula to the rents being charged at the Brandywine Apartments by Amshrew.
Amshrew argues that the Board lacked jurisdiction to hear the petition before it due to Manitsas’ failure to comply with Ch. 72(2) (g) i.e., by failing to request “specific relief' in said petition. There is no doubt from a review of the petition in question, that Manitsas did, in fact, fail to specify the relief requested in the petition. However, Amshrew’s argument that the Board lacked jurisdiction fails for two reasons.
First, Amshrew failed to raise this argument before the Board, even though it had numerous occasions to do so. Amshrew is not entitled to raise the issue subsequently on appeal to the District Court. Albert v. Municipal Court of the City of Boston, 388 Mass. 491 (1983); Medi-Cab of Massachusetts Bay v. Rate Setting Commission, 401 Mass. 357 (1987).
Second, it is obvious from the evidence presented in this case that Amshrew was entirely aware of the relief requested in the petition, and thereby suffered no prejudice whatsoever to the preparation of any defenses it may have had to the petition. It is equally obvious, therefore, that the information omitted in the petition in question was not required to determine the reasonable rent level. A petition which is incomplete should onlybedismissedifitis lacking information for decision making. Niles v. Boston Rent Control Administrator, 6 Mass. App. Ct. 135, 148-150 (1978).
The Board’s decision to deny Amshrew’s Motion to Dismiss must stand unless wholly unsupported by the evidence presented at the hearing. Sherman v. Rent Control Board of Brookline, 367 Mass. 1 (1975). (Trial Court’s role is not to take evidence afresh but rather to decide whether the Board’s decision was supported by the facts before it.)
The Board in this case had a policy of requiring the petitioner to continue to pay rent in accordance with their rental obligation during the pendency of the proceedings. The minutes of the March 28, 1988 meeting and the April 4, 1988 meeting reflect *91 conflicting evidence at best as to whether or not petitioner was current with his rent There certainly was adequate evidence from which the Board could conclude that Manitsas was, in fact, current with his rent. The Board so concluded, and twice denied Amshrew’s Motion to Dismiss on this issue. The decision of the Board was clearly within its purview, and this Court will not substitute its judgment for that of the trier of fact. Sherman v. Rent Control Board of Brookline, supra.
In reviewing the rent control determination, the proper role the District Court, as well as this Court, “is not to take evidence afresh and decide what rent is to be fixed, butisrathertodecidewhethertheDistrictCourtproperlyupheldtheBoard’sdecision as supported by the facts before it was legally justified.” Niles v. Boston Rent Control Administrator, 6 Mass. App. Ct. 114 (1978). The Trial Court found that the Board applied NOI formula (Net-Operating-Income) to the facts and circumstances of the present case and determined that the rent levels at the Brandywine Apartments were unreasonable. The rents were then modified to reflect a fair and reasonable net operating income in accordance with St. 1986, Ch. 72. The trial Court correctly found that the record before it did not show that the rents as adjusted were confiscatory or that they failed to yield a fair net operating income. Zussman v. Rent Control Board of Brookline, 371 Mass. 632 (1976); Niles v. Boston Rent Control Administrator, supra. The trial Court concluded that the decision of the Board was legally justified.
The decision of the trial court is affirmed.