Curran, Dennis J., J.
Michael Tarlow seeks judicial review pursuant to G.L.c. 30A of the Contributory Retirement Appeal Board’s decision that he did not qualify for termination retirement benefits under G.L.c. 32, §10(2)(a). Mr. Tarlow now moves for judgment on the pleadings, arguing that the CRAB’S decision rested on errors of law. For the following reasons, Tarlow’s motion is DENIED.
BACKGROUND
Mr. Tarlow worked as the assistant superintendent of the Swampscott School System on a contract that ran until June 30, 2009, at which time he would have accrued 20.1 years of creditable service toward his retirement benefits. He was informed that he was going to be terminated for budgetary and performance reasons, and on June 30, 2007, when Mr. Tarlow only had 18.1 years of creditable service, his position was eliminated and he was terminated. He filed suit against the school system.
On December 9, 2009, Mr. Tarlow and the school inquired with the Massachusetts Teachers’ Retirement Board regarding how it calculated creditable service time when there is a settlement agreement. The Retirement Board sent a letter staling that if Mr. Tarlow settled his claims, it would only credit him for the portion of the settlement (hat represented lost wages or salary. In 2010, Mr. Tarlow and the school *488 signed a settlement agreement which provided that in exchange for his dismissal of the case, the school system would pay all lost wages that he would have earned had he remained employed through the end of his contract date. The agreement also acknowledged that Mr. Tarlow’s employment terminated as of the end of his contract and that he voluntarily agreed to all terms. Mr. Tarlow thereafter applied for termination retirement benefits from the Massachusetts Teachers’ Retirement Board, and his application was denied. The Board’s decision was affirmed both by the Division of Administrative Law Appeals and the CRAB.
DISCUSSION
Mr. Tarlow claims that the CRAB made errors of law by finding that his termination was voluntary and thus, he was not qualified for termination benefits, and by finding that the terms of the settlement constituted collusion. His first argument is correct, but his second misses the mark.
A member of a retirement system such as the Massachusetts Teachers’ may qualify for termination retirement benefits if that member served for twenty years and was terminated involuntarily. G.L.c. 32, §10(2); Megiel-Rollo v. Contributory Ret. Appeal Bd., 81 Mass.App.Ct. 317, 325 (2012). In Megiel-Rollo, the Appeals Court held that an employee’s termination was voluntary where an employee had filed a discrimination claim against her employer, and she continued her employment during the litigation until it expired as part of a settlement agreement. 81 Mass.App.Ct. at 318-19. Central to the Appeals Court’s reasoning was the fact that absent the settlement agreement, the teacher “could not have reasonably believed that her employment would soon be terminated.” Id. at 325. Here, the opposite is true: Mr. Tarlow was terminated with or without the settlement agreement. As the settlement was regarding a claim for breach of contract that had an explicit end date, it was merely an agreement indicating the end point for payment of back wages and an official date of termination. It was not an agreement to mutually part ways as part of settling a claim as in Megiel-Rollo.
However, as stated, the settlement was Mr. Tarlow’s official discharge. General Laws c. 32 prohibits a member from receiving termination benefits if the member’s removal or discharge was brought about through collusion. G.L.c. 32, §10(2)(c). Whether the facts and reasonable inferences drawn from those facts suggest that Mr. Tarlow and the school district colluded over Tarlow’s official discharge date is a question of fact. The court “is not empowered to make a de novo determination of the facts, to make different credibility choices, or to draw different inferences from the facts found by the [agency].” Medi-Cab of Mass. Bay, Inc. v. Rate Setting Comm’n., 401 Mass. 357, 369 (1987). The only factual question for the court to decide is whether the decision rested on substantial evidence or was arbitrary or capricious. G.L.c. 30A, §14(7). Mr. Tarlow and the school settled only after learning of the retirement board’s policy on how it credits a member’s time when there was a settlement agreement. The settlement was crafted to bring Mr. Tarlow just past the twenty-year mark. This was sufficient evidence for the CRAB, based on its experience, technical competence, specialized knowledge, and statutorily conferred discretion, to find collusion. See Brackett v. Civil Serv. Comm’n, 447 Mass. 233, 241-42 (2006).
In short, CRAB properly denied Mr. Tarlow termination benefits.
ORDER
For these reasons, the plaintiffs motion for judgment on the pleadings is DENIED.
Judgment shall enter forthwith for the defendants Contributory Retirement Appeal Board of the Commonwealth of Massachusetts and the Massachusetts Teachers’ Retirement Board.