The Plymouth Retirement Board (board) appeals from a Superior Court judgment affirming a decision of the Contributory Retirement Appeal Board (CRAB). CRAB concluded that the board was entitled to recover retirement benefits paid to defendant Michael Daley (Daley). In this appeal, the board seeks a narrow reversal of the CRAB order, asserting that it erred in not making exact findings as to Daley's excess earnings for the years 2007 to 2010 pursuant to G. L. c. 32, § 91(b ), instead relying on an adverse inference as a result of a discovery sanction.[3] We affirm.
Background. We briefly summarize the relevant factual and procedural background. This case began as a decision of the board against Daley ordering recovery of Daley's earnings in excess of G. L. c. 32, § 91(b ), postretirement limitations. Daley appealed to the Department of Administrative Law Appeals (DALA). DALA found in favor of the board after Daley refused to comply with discovery. Daley then appealed to CRAB. CRAB upheld DALA's decision in full including an adverse inference sanction against Daley pursuant to 801 Code Mass. Regs. § 1.01(8)(i) (1998) because Daley failed to comply with an administrative discovery order. As a result of this inference, CRAB ordered recovery to the board limited to the retirement benefits paid to Daley from 2007 to 2010. In its decision, CRAB did not make specific findings as to the amount of Daley's excess earnings under G. L. c. 32, § 91(b ), and rejected the board's requested recovery amount of $350,927.03. The board sought limited judicial review in Superior Court on only the issue of whether remand back to CRAB was required to supplement its decision to more accurately determine Daley's excess earnings in accordance with G. L. c. 30A, § 11(8). The board was the only party to seek judicial review of CRAB's decision in Superior Court within the statutory time period. Upholding CRAB's decision, the Superior Court found no abuse of discretion in CRAB's sanction and found no error in CRAB's award of recovery. The board subsequently appealed to this court.
Standard of review. Judicial review of a CRAB decision pursuant to G. L. c. 30A, § 14, is narrow and we only set aside a decision where it is legally erroneous or unsupported by substantial evidence. See G. L. c. 30A, § 14(7). See also Retirement Bd. of Salem v. Contributory Retirement Appeal Bd., 453 Mass. 286, 288-289 (2009). "Under the substantial evidence test, a reviewing court is not empowered to make a de novo determination of the facts, to make different credibility choices, or to draw different inferences from the facts found by the [agency]." Medi-Cab of Massachusetts Bay, Inc. v. Rate Setting Commn., 401 Mass. 357, 369 (1987). Rather, our review "must give due weight to the experience, technical competence, and specialized knowledge of CRAB." Murphy v. Contributory Retirement Appeal Bd., 463 Mass. 333, 344 (2012). Thus, a valid discovery sanction in an administrative hearing, carefully weighing the issue on a subject within their expertise, satisfies the substantial evidence test. See Automobile Insurers Bureau v. Commissioner of Ins., 430 Mass. 285, 291 (1999).
Discussion. CRAB's decision allowing the board to recover retirement benefits paid to Daley from 2007 to 2010, arose from Daley's repeated noncompliance with administrative discovery orders, and the consequent adverse inference pursuant to 801 Code Mass. Regs. § 1.01(8)(i)(1). The board argues that CRAB erred because CRAB rejected evidence of Daley's excess income submitted by the board which would have increased the amount of recovery to $350,927.03. While CRAB acknowledged that Daley's compliance with discovery may have resulted in a different outcome, CRAB correctly explained why the amount suggested by the board would have resulted in an excessive sanction.
Like other adjudicatory bodies, CRAB is charged with determining what the just and appropriate relief is for sanctionable conduct and need not apply the harshest sanction even when a party acts in bad faith. See 801 Code Mass. Regs. § 1.01(8)(i). See also Anderson v. Beatrice Foods Co., 900 F.2d 388, 395 (1st Cir.), cert. denied, 498 U.S. 891 (1990) (judges should "take pains neither to use an elephant gun to slay a mouse nor to wield a cardboard sword if a dragon looms"). Accordingly, we review administrative discovery sanctions not under the strictest standard, but only for abuse of discretion. Augis Corp. v. Massachusetts Commn. Against Discrimination, 75 Mass. App. Ct. 398, 404-405 (2009) ("regulation of the administrative discovery process lies within the sound exercise of the hearing officer's discretion, just as regulation of the discovery process in judicial proceedings lies within the sound exercise of judicial discretion").
Here, the sanctions limiting recovery to the benefits paid to Daley for the years that he received excess earnings under G. L. c. 32, § 91(b ), appropriately balanced the parties' positions to reach a fair outcome. We find no abuse of discretion in CRAB's conclusion that these considerable sanctions sufficed. Conversely, an examination into the board's calculation of Daley's excess earnings shows it clearly "exceed[ed] the bounds of reasonableness." See Henshaw v. Travelers Inc., 377 Mass. 910, 911 (1979). The board's calculation does not purport to be the amount of excess income earned by Daley, but instead the gross payments made to Daley's consulting company by Massachusetts towns. The board incorrectly contends that his gross amount can be substituted for Daley's individual earnings. However, such calculation ignores ubiquitous business expenses including, but not limited to, employee wages, taxes, benefits, insurance, location costs, and maintenance costs. Accordingly, the board's suggestion that Daley personally earned every penny his company grossed is clearly erroneous. See Plasko v. Orser, 373 Mass. 40, 43-44 (1977). See also Wiedmann v. Bradford Group, Inc., 444 Mass. 698, 706 (2005). Remand is therefore unnecessary because CRAB's calculation of recovery limited to the benefits paid to Daley from 2007 to 2010 as a result of sanctions did not preclude meaningful judicial review and satisfied the substantial evidence test.
Judgment affirmed.

The Superior Court properly dismissed Daley's claims as untimely pursuant to G. L. c. 30A, § 14(1). Where Daley or the Public Employment Retirement Administration Commission (PERAC) failed to file complaints within the thirty-day period, the CRAB decision became final against them, and the Superior Court had no jurisdiction to consider judicial review. See Friedman v. Board of Registration in Med., 414 Mass. 663, 665-666 (1993). "With extremely rare exceptions not relevant here, failure to timely file is thus typically an absolute bar to a plaintiff's ability to obtain judicial review of a final agency action." Herrick v. Essex Regional Retirement Bd., 68 Mass. App. Ct. 187, 189-190 (2007). See G. L. c. 260, § 36 (allowing party to "relate back" to original complaint for counterclaims not cross claims). See Doyle v. Department of Indus. Accidents, 50 Mass. App. Ct. 42, 47 n.6 (2000) ("[A]n action for declaratory relief cannot be used to avoid the time bar consequences of failure to pursue the appropriate form of judicial review or appeal). Accordingly, we need not reach Daley's or PERAC's remaining arguments and expressly do not decide those issues.