RATE SETTING COMMISSION *vs.* DIVISION OF HEARINGS
OFFICERS & another.[1]

Suffolk. November 6, 1987. — January 14, 1988.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Division of Administrative Law Appeals. Rate Setting Commission. Adminis-
trative Law,* Rate setting, Regulations, Judicial review. *Regulations.
Practice, Civil,* Review of administrative action, Declaratory relief.

In an action by the Rate Setting Commission seeking review of a decision
by the Division of Hearings Officers that ordered the commission not
to apply a promulgated rate regulation to a certain health care provider,
this court held that the division had improperly asserted jurisdiction to
consider the validity of the regulation; the case was remanded either for
rehearing by the division solely on the issue whether special cir-
cumstances made application of the rate to the provider improper or for
the provider to seek a declaratory judgment on the validity of the rate
regulation. [547-548]

CIVIL ACTION commenced in the Superior Court Department
on August 19, 1983.

The case was heard by *Thomas R. Morse, Jr.,* J., on a
master's report.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Douglas H. Wilkins,* Assistant Attorney General, for the
plaintiff.

*Gerald J. Caruso,* Special Assistant Attorney General, for
the Division of Hearings Officers.

LIACOS, J. The plaintiff, Rate Setting Commission (commis-
sion), brought this action in Superior Court under G. L. c. 6A,
§ 36, and G. L. c. 30A, § 14, to obtain review of a

---

[1] Kelly Health Care, Inc. Kelly has not participated in this appeal.

decision of the defendant Division of Hearings Officers (division).[2] The division had ordered the commission not to apply a promulgated regulation to the defendant-provider Kelly Health Care, Inc. (Kelly), and to recalculate Kelly's 1981 rates for certain of its homemaker and home health aide offices. The judge referred the case to a special master. The master found that the division had jurisdiction over Kelly's rate challenge, and that substantial evidence supported the division's finding that the rates as applied to Kelly were not "adequate, fair and reasonable." See G. L. c. 6A, § 36. The judge adopted the master's report and entered judgment for the defendants. The plaintiff appealed, and we transferred the case to this court on our own motion.

In December, 1980, the commission promulgated a new regulation, 114.3 Code Mass. Regs. § 11.00,[3] governing reimbursement rates for providers of homemaker and home health aide services. The main goal of the regulation was cost containment, reducing the price of such services to the Commonwealth through elimination of duplicative costs.

Under the regulations in force prior to 1980, the commission based reimbursement rates for these services on the individual and reasonable direct costs of the separate offices of a provider. The new regulation, by contrast, provided that the rate be based on the combined volume of all branch offices or related providers within thirty-five miles of each other. In theory, as the aggregate volume increased, the costs would decrease. Three of Kelly's offices, located in Watertown, Lawrence, and Lowell, were within thirty-five miles of each other and

---

[2] The division is now known as the Division of Administrative Law Appeals. See G. L. c. 7, § 4H, as appearing in St. 1983, c. 683.

[3] Specifically, the regulation in issue, 114.3 Code Mass. Regs. § 11.03 (3), as in effect at the time, stated: "*Determination of Volume Category.* Volume categories shall be determined in the following way: (a) Branch offices, district offices, and offices of related parties through common ownership or association with a franchise shall receive a rate of reimbursement based upon the aggregated annual volume of service in all of the offices unless the distance from any other related party is greater than thirty-five (35) miles in which case a provider shall receive a separate rate of payment."

thus were subject to having their volumes combined for rate setting purposes.

Kelly appealed to the division, claiming that § 11.03 (3) was promulgated improperly. The commission moved to dismiss on the ground the division had no jurisdiction to make such a determination. The division ruled, however, that it had jurisdiction and also had authority to "go beyond" the commission's regulation and to calculate a new rate for the individual provider, if it determined as an initial matter that the general rate was unfair, unreasonable, and inadequate for that provider. See *Beth Israel Hosp. Ass'n* v. *Rate Setting Comm'n,* 24 Mass. App. Ct. 495, 498 (1987) (where division similarly asserted authority to ignore "validly promulgated and properly applied . . . regulations" and to "go beyond" such regulations).

The scope of the division's jurisdiction to consider an individual provider's challenges to application of valid regulations, brought pursuant to c. 6A, § 36, has been a matter of ongoing controversy between the division and the commission. See *id.* at 495 n.2. The commission itself has demonstrated some confusion as to where the jurisdictional lines are to be drawn under the statutory scheme of G. L. c. 6A, § 36. See *Medi-Cab of Mass. Bay, Inc.* v. *Rate Setting Comm'n, ante* 357, 359-363 (1987). We had indicated that a substantive challenge to a rate regulation of general applicability to a class of providers may be brought in a declaratory judgment action under G. L. c. 30A, § 7, and G. L. c. 231A. *Massachusetts State Pharmaceutical Ass'n* v. *Rate Setting Comm'n,* 387 Mass. 122, 139 (1982). In *Cliff House Nursing Home, Inc.* v. *Rate Setting Comm'n,* 378 Mass. 189, 193 (1979), we indicated, also, that the division had the power, under G. L. c. 6A, § 36, to "determine a rate of reimbursement" for an individual provider. More recently, in *Beth Israel Hosp. Ass'n* v. *Rate Setting Comm'n, supra* at 503, the Appeals Court ruled that "where a provider's challenge is to the substantive validity, that is, the adequacy, of a regulation of general application and not to the peculiar application of that regulation to the provider, the division is without authority to act, and the remedy for the provider is to proceed by way of an action for declaratory judgment under G. L. c. 30A,

§ 7, and G. L. c. 231A" (footnotes omitted). We agreed with that ruling in *Medi-Cab of Mass. Bay, Inc.* v. *Rate Setting Comm'n, supra* at 363 n.9.

"A substantive challenge is [one] mounted 'on the ground that the general regulation is substantively defective, that is, inadequate.' " *Beth Israel, supra* at 501, quoting *State Pharmaceutical, supra* at 126. However, a challenge to a regulation of particular application to an individual provider may be brought on administrative appeal to the division. *State Pharmaceutical, supra* at 139. *Beth Israel, supra* at 501-502. See G. L. c. 6A, §§ 32, 36. No absolute boundary separates a challenge to the substantive validity of a general regulation from a more narrow appeal from an individual rate. See *Geriatric Auth. of Holyoke* v. *Rate Setting Comm'n,* 21 Mass. App. Ct. 953, 955 (1986). Nevertheless, a line between the two does exist. *Medi-Cab of Mass. Bay, Inc.* v. *Rate Setting Comm'n, supra. Beth Israel, supra* at 503 n.16.

In *Medi-Cab, supra,* we drew that line with greater precision. The correct distinction is not between "facial" and "as applied" challenges, for "every provider can phrase a challenge to a general regulation as an appeal from the particular rate set for it under that regulation." *Id.* at 363-364. Thus, when a provider challenges a class-based rate, it may pursue its appeal before the division "only if the provider can demonstrate circumstances — other than voluntary business decisions — which make application of the rate to that provider *different* from its application to all other providers in the class" (emphasis added). *Id.* at 364.

The requisite difference can be shown through evidence of special circumstances demonstrating that the general rate has been improperly applied to the provider, or that some factors exist, beyond the provider's control, which affect the provider but not the class as a whole. For example, a particular provider may service an area containing an unusually high concentration of patients with extreme health care needs; may require unusual equipment because of the unique nature of its services within the class, or because of the nature of its clientele; may traverse a territory with unusual geographic or transportation characteristics imposing a burden that other providers in the same

class do not experience; or may cover an area where the population density differs greatly from that in areas covered by similar providers. It is unnecessary to burden the Superior Court with these types of specialized issues.

In this action, Kelly challenged application of the aggregation of volume rate to its offices in Watertown, Lawrence, and Lowell. Kelly claimed that the aggregation regulation provided for payment based on assumptions inapplicable to Kelly's operations.[4]

First, Kelly asserted that the offices in question were not opened in order to capture a low volume/high unit rate (as a means of receiving higher rates for the same services), one of the general concerns underlying the regulation's adoption. The division found that the three offices were established before the regulation's adoption; that each office drew its work force from areas separate from the other two offices; and that each office served a clientele distinct from that of the others.

Second, regarding the regulatory goal of efficiency and cost containment, Kelly challenged the rate projection at which payment decreases as volume increases. Kelly's evidence showed that its costs for 1981 did not decrease with increasing volume at the rate projected. The division therefore found that the underlying principle of aggregation bore little correlation to Kelly's 1981 operations.

Based on the above conclusions, the division proceeded to examine the reasonableness of Kelly's actual costs. It found that Kelly's 1981 costs were reasonable, since they were at, or below, the average for other providers in the class. In addition, since Kelly's actual cost experience varied substantially from the theoretical rate projections, the division found that the rates as applied to Kelly were unfair, inadequate, and unreasonable. Finding, also, that the aggregated rate caused the

---

[4] Additionally, Kelly attacked the regulation as deficient in not providing for a return on equity capital, and alleged that the commission had failed to abide by proper procedures in promulgating the regulation. The division found against Kelly on these grounds, and these issues are not before us on appeal. We note that such challenges go to the substantive or procedural validity of a general regulation and were before the division improperly.

unfairness, the division ordered the commission to ignore the regulation in setting Kelly's 1981 rates for the three offices.[5]

The evidence that Kelly presented is best characterized as challenging the soundness of the regulation. It is clear, also, that the division premised its decision on an error of law, namely, that it had jurisdiction to consider the validity of the general rate. An evaluation of the accuracy or reasonableness of the rate projection goes to the adequacy of the regulation itself. The same is true of a comparison of Kelly's actual costs with the rate reimbursement allowances. The focus of a division hearing may not concern alleged defects in a regulation. Nor may it be an examination of the correlation between the principles and assumptions underlying a regulation with the actual experience of a single provider. These are, in effect, substantive challenges, whether brought by a single provider or by several providers in a class. See *Massachusetts State Pharmaceutical Ass'n* v. *Rate Setting Comm'n*, 387 Mass. 122, 138 (1982) (division has no authority to consider a class action challenging a rate regulation of general application). As such, the claims may be pursued only in a declaratory judgment action.

The proper focus of a division hearing under c. 6A, § 36, is whether the individual provider can demonstrate "circumstances — other than voluntary business decisions — which make application of the rate to that provider different from its application to all other providers in the class." *Medi-Cab, supra* at 364.

The division's assertion of jurisdiction to determine the validity of the general rate was error of law. Thus, its decision cannot stand. G. L. c. 30A, § 14. The judgment is reversed. The case is remanded to the Superior Court. The provider shall have thirty days from the entry of rescript either to move for remand to the division for rehearing on whether its circumstances differ from those of other providers, or to seek a

---

[5] The division also ordered rates to be set for 1982 and 1983, having found that the commission had failed to set rates since December 1, 1980. We consider such an order to be wholly beyond the jurisdiction of the division.

declaratory judgment in the Superior Court concerning the validity of the general rate regulation. Otherwise, judgment is to enter for the plaintiff.

*So ordered.*