RATE SETTING COMMISSION *vs.* FAULKNER HOSPITAL &
another[1]
(and seven companion cases[2]).

Suffolk. October 10, 1991. - January 23, 1992.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Medicaid. Rate Setting Commission. Hospital,* Medicaid reimbursement.
*Division of Administrative Law Appeals. Administrative Law,* Rate
Setting. *Jurisdiction,* Administrative matter.

Where, as stipulated by the parties to an action challenging decisions of
the Division of Administrative Law Appeals setting the rate at which
certain hospitals were to be reimbursed under the Medicaid program
for days of hospitalization of patients awaiting transfer to lower-level
care facilities ("administratively necessary days"), the hospitals did not
meet the criteria established by regulation of the Department of Public
Welfare for an administrative rate adjustment, the plain language of
St. 1985, c. 200, § 3, provided that the hospitals were not entitled to an
adjustment of rates for fiscal years 1983 through 1985. [705-707]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on September 9, 1985.

The cases were consolidated and reported to the Appeals
Court by *Barbara J. Rouse,* J. The Supreme Judicial Court
granted a request for direct review.

*William L. Pardee,* Assistant Attorney General, for the
plaintiff.

*Mitchell H. Kaplan* for Faulkner Hospital.

*Richard P. Ward* for Melrose-Wakefield Hospital.

---

[1] Division of Administrative Law Appeals.

[2] The Rate Setting Commission's actions against Melrose-Wakefield
Hospital, Noble Hospital, Providence Hospital, Salem Hospital, Somerville
Hospital, Winthrop Community Hospital, and Worcester Memorial
Hospital were consolidated in the Superior Court on a joint motion of the
parties.

LYNCH, J. The plaintiff, Rate Setting Commission (commission), challenges the jurisdiction and the decisions of the Division of Administrative Law Appeals (division) adjusting the Administratively Necessary Day (AND)[3] rates of the defendant hospitals (hospitals) for fiscal year 1982. The commission filed complaints in the Superior Court for judicial review pursuant to G. L. c. 30A, § 14 (1990 ed.), and G. L. c. 6A, § 36 (1990 ed.), of each decision. By an agreement of the parties, proceedings in all cases were stayed pending the final disposition of related declaratory judgment actions. Those actions were resolved in the commission's favor in *Quincy City Hosp.* v. *Rate Setting Comm'n*, 406 Mass. 431 (1990). Acting on a joint motion a Superior Court judge reported the consolidated cases to the Appeals Court on the basis of the pleadings, a statement of agreed facts, and exhibits. We granted the hospitals' application for direct appellate review, and we now vacate the decisions of the division.

1. *Background.* The commission is responsible for establishing rates to be paid providers of health care services under the Medicaid program. In 1981, the commission promulgated regulations establishing a $70 AND rate per patient per day. That rate could be exceeded when a hospital experienced "extreme difficulty" placing AND patients. The Department of Public Welfare (department) provided by regulation that a hospital would be found to be experiencing extreme difficulty placing AND patients if:

"(1)   the hospital had an AND occupancy rate of 5 % or higher and an overall medical/surgical bed occupancy rate (minus ANDs) of 80 % or higher (85 % for teaching hospitals); or

"(2)   was on an island,

---

[3]An AND is a day on which a Medicaid patient occupies an acute care hospital bed pending transfer to a different facility after an administrative determination has been made that the patient is no longer ill enough to require hospitalization.

"and if it demonstrated adequate patient discharge planning and placement efforts, as specified in the regulation." 106 Code Mass. Regs. § 452.00 (18) (1981).

None of the hospitals qualified for an administrative adjustment under the regulation. Nonetheless, they exercised their rights under G. L. c. 6A, § 36, and appealed to the division for an adjustment in the AND rate. The division determined after a hearing that the AND rate for each hospital was unfair, inadequate, and unreasonable, and ordered that the hospitals were entitled to their routine rate[4] in reimbursement for AND days. The commission filed complaints seeking review of these decisions in the Superior Court, and by agreement of the parties, the proceedings were stayed pending our decision in *Quincy City Hosp.* v. *Rate Setting Comm'n, supra.*

The hospitals had already received their routine rate for AND reimbursement for fiscal year 1982 because of our decision in *New England Memorial Hosp.* v. *Rate Setting Comm'n,* 394 Mass. 296 (1985). There we determined that, because of procedural defects in the amended regulation, 114.1 Code Mass. Regs. § 3.06 (1981), all hospitals were entitled to receive their routine rate for fiscal year 1982, rather than the $70 AND rate established by the regulations.

In *Quincy City Hosp.* v. *Rate Setting Comm'n, supra,* we determined that an action for declaratory judgment was not an "appeal" within the meaning of that word in context with the scheme of the statute[5] because "[t]his court has long

---

[4]A hospital's routine rate is also established by the commission and was the average cost for all patients (with certain adjustments) of the "routine" component of their hospital care.

[5]Statute 1982, c. 372, § 1B, provided in part that the Medicaid payment ratio "shall be adjusted to reflect changes in fiscal year nineteen hundred and eighty-two medicaid per diem rates or outpatient rates which result from final disposition of administrative adjustments, audit adjustments, or *appeals of rates to the division of hearing officers or the courts . . .*" (emphasis added). The Divison of Administrative Law Appeals replaced the Division of Hearing Officers in 1983. See G. L. c. 7, § 4H, as amended by St. 1983, c. 683.

viewed as separate and very different actions (1) an individual hospital's appeal, based on application to its own situation, of reimbursement rates, and (2) a challenge to the propriety, in general, of a commission regulation of general application." *Id.* at 440-441. Thus, the $70 AND rate would be the base for determining Medicaid AND reimbursements for fiscal years 1983 through 1985, "except where individual hospitals have contested [the $70 AND] rate by appeal under G. L. c. 6A, § 36." *Id.* at 449.[6]

The reimbursement formula in St. 1982, c. 372, controlling Medicaid payments in fiscal years 1983 through 1985, entitled hospitals that appealed to the division, and prevailed, to an increase in the amount of Medicaid payments for fiscal years 1983 through 1985. By St. 1985, c. 200, § 3, the Legislature amended the Medicaid reimbursement scheme to require the use of an AND rate of $70 in the payment ratio for all hospitals that did not meet the criteria for an administrative adjustment.[7]

We affirm the division's original assertion of jurisdiction. We must, however, interpret St. 1985, c. 200, § 3, which we declined to do in *Quincy City Hosp.* v. *Rate Setting Comm'n, supra* at 439. We conclude that this amendment applies and the decision of the division must be vacated.

2. *Jurisdiction.* We have held that, "when a provider challenges a class-based rate, it may pursue its appeal before the

---

[6]Medicaid payments for 1983 through 1985 were controlled by a formula incorporating 1982 rates as its starting point. St. 1982, c. 372.

[7]"Section 68 of chapter 6A of the General Laws, as most recently amended by chapter 347 of the acts of 1984, is hereby further amended by inserting after the first sentence of paragraph (*e*) in subsection C the following sentence:—Notwithstanding the foregoing or any other provision of law to the contrary, *the medicaid payment ratio for each year subsequent to fiscal year nineteen hundred and eighty-two shall be calculated using an administratively necessary day rate of seventy dollars per administratively necessary day patient per day, unless such rate for fiscal year nineteen hundred and eighty-two is adjusted based on a specific finding that in fiscal year nineteen hundred and eighty-two an individual hospital met the criteria for an administrative adjustment set forth by regulations* promulgated by the rate setting commission published on February twelve, nineteen hundred and eighty-one" (emphasis added). St. 1985, c. 200, § 3.

division 'only if the provider can demonstrate circumstances — other than voluntary business decisions — which make application of the rate to that provider *different* from its application to all other providers in the class' " (emphasis in original). *Rate Setting Comm'n* v. *Division of Hearing Officers*, 401 Mass. 542, 545 (1988).

In *Rate Setting Comm'n* v. *Baystate Medical Center*, 30 Mass. App. Ct. 553 (1991), the Appeals Court elaborated on the two-prong jurisdictional test that a provider must meet to justify a rate hearing before the division. First, there must be special circumstances involving the provider, making application of the rate to that provider different from its application to all other providers in the class. *Id.* at 556. Second, such special circumstances must be other than voluntary or volitional business decisions. In other words, such circumstances must have "been beyond the control of the hospital." *Id.* at 558.

With respect to the second prong of the jurisdictional test, clearly on the facts before us, the hospitals had no control over the availability of beds in the nursing homes in the areas where they served. With respect to the first prong, however, the division's decisions do not reflect whether this problem was industry-wide or only affected these individual hospitals. In order to resolve the question of the division's jurisdiction to hear these appeals, therefore, it would be necessary to remand to the division for further findings. Because of our interpretation of St. 1985, c. 200, § 3, it is unnecessary to do so.

3. *Statute 1985, c. 200, § 3.* Following the decision in *New England Memorial Hosp.* v. *Rate Setting Comm'n, supra,* the Governor proposed, and the Legislature enacted, a statute to clarify[8] the provisions adjusting the payment ratio. By

---

[8]We note that, when the Governor submitted the proposed amendment, he opined that it would allow those hospitals having successfully prosecuted limited appeals to incorporate their adjustment in future years' payments. The plain language of the amendment, as enacted by the Legislature, cannot be so interpreted. Under the basic tenets of statutory construction, the "statutory language, when clear and unambiguous, must

St. 1985, c. 200, § 3, the Legislature provided in relevant part:

> "[T]he medicaid payment ratio for each year subsequent to fiscal year nineteen hundred and eighty-two shall be calculated using an administratively necessary day rate of seventy dollars per administratively necessary day patient per day, unless such rate for fiscal year nineteen hundred and eighty-two is adjusted based on a specific finding that in fiscal year nineteen hundred and eighty-two an individual hospital met the criteria for an administrative adjustment set forth by [114.1 Code Mass. Regs. § 3.14 (b) (1981)]."

As stipulated by the parties, the hospitals did not meet the "extreme difficulty" criteria of the department regulations. Thus, not having met the criteria for an administrative adjustment, the plain language of the statute provides that they are not entitled to an adjustment of rates for fiscal years 1983 through 1985.

The hospitals argue that the limiting language of that statute cannot be applied in these circumstances because of our decision in *Quincy City Hosp.* v. *Rate Setting Comm'n supra.* In that opinion, however, we clearly stated, "[W]e decline to declare the rights of the parties under St. 1985, c. 200, § 3." *Id.* at 439. *Quincy City Hosp.* v. *Rate Setting Comm'n* does not preclude the application of that statute to determine the rights of the hospitals before us here.

In a footnote at the end of their brief, the hospitals state:

> "27/ Further, if the amendment was more than a clarification of existing law and St. 1985, c. 200, §3 retroactively deprived hospitals of reimbursement which they would have otherwise received for services rendered

---

be given its ordinary meaning. *Hashimi* v. *Kalil*, 388 Mass. 607, 610 (1983). When the use of the ordinary meaning of a term yields a workable result, there is no need to resort to extrinsic aids such as legislative history. *Id.*" *Bronstein* v. *Prudential Ins. Co.*, 390 Mass. 701, 704 (1984).

Medicaid eligible patients over the previous three years, it violates the contract clause of the United States Constitution, U.S. Const. art. I §10, c. 1; violates federal procedural requirements under Title XIX of the Social Security Act, 42 U.S.C. §1396a *et seq.* (1983); and is invalid under G.L. c. 29, §7L because it is a separable provision of substantive law enacted as part of a budget bill. These were the plaintiff-hospitals' principal arguments in the *Quincy City* case which the Court found it unnecessary to address because of its construction of the word 'appeal,' as that word was used in Chapter 372, §1B. If this Court accepts the Commission's interpretation of c. 200, §3, the Hospitals request leave to reassert and argue these points."

Relegating statutory and constitutional arguments to a footnote that merely recites the statutory and constitutional provisions which arguably have been violated does not rise to the level of appellate argument. We therefore deem the above "arguments" to be waived. Similarly, reference to the brief in the *Quincy City Hosp.* case does not comply with Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975), and Mass. R. A. P. 16 (b), 365 Mass. 860 (1974). See *Haran* v. *Board of Registration in Medicine*, 398 Mass. 571, 581 n.7 (1986).

The decisions of the division are vacated and the cases are remanded to the Superior Court for the entry of judgments for the commission.

*So ordered.*