# PAUL F. MURRAY vs. SECOND DISTRICT COURT OF EASTERN MIDDLESEX & others.[1]

Suffolk.  November 5, 1982. — June 20, 1983.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, & O'CONNOR, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts.  *Civil Service,* Termination of employment, Judicial review, Failure to raise issue before Civil Service Commission.

Taken in the aggregate, proved charges that a civil service employee of a local board of health had failed to comply with required office procedure and to maintain proper work hours, had failed to administer the budget properly, had failed to supervise the office and its personnel properly, and had failed to conduct himself in a professional manner at a board meeting warranted a conclusion by the Civil Service Commission that the employee's discharge from employment was justified. [512-515]

An employee who had been dismissed from employment by a local board of health and whose discharge had been affirmed by the Civil Service Commission and by a District Court was not entitled to any relief from a single justice of this court on the ground that the District Court judge had affirmed the commission's decision despite its admission of certain evidence that was allegedly beyond the scope of the District Court's remand order to the commission, where the employee had failed to raise this issue before the commission and in the District Court. [515]

At a hearing before the Civil Service Commission regarding the dismissal of an employee of a local board of health, testimony of certain board members which only mirrored the clear language of the board's rule as to work hours and added nothing significant to the board's proof, did not prejudice the discharged employee. [515-516]

There was no merit to the contention of a discharged local board of health employee that the cause for his dismissal found by a hearing officer, at a hearing before the Civil Service Commission, was different from the cause assigned by the board. [516]

---

[1] The members of the board of public health of Watertown.  By order of a single justice of this court the defendant judges were designated nominal parties.  References to the defendants in this opinion are to the members of the board.

There was no merit to a contention made by a discharged civil service employee that a remark made by a single justice of this court "suggested a personal bias against the use of profanity in the workplace, which might have influenced" his decision that the employee's discharge from employment was justified. [516-517]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 19, 1981.

The case was heard by *Lynch,* J.

*John F. Corbett* for the plaintiff.

*Gary S. Brackett* for the defendants.

O'CONNOR, J. The plaintiff appeals from an order of a single justice of this court denying relief sought by a petition under G. L. c. 211, § 3, and G. L. c. 249, § 4. We affirm the order of the single justice.

On August 17, 1976, the defendants, the members of the board of public health of Watertown (board) notified the plaintiff that a hearing would be held on August 25, pursuant to G. L. c. 31, § 43, as amended through St. 1971, c. 179, § 4, to consider charges that he had failed properly to perform his responsibilities as the Watertown health department officer and agent. At that hearing the board voted to discharge the plaintiff, effective September 3, 1976. In support of the discharge the board found that the plaintiff had failed to comply with required office procedure and to maintain proper work hours, that he had failed to administer the budget properly, that he had failed to supervise the office and its personnel properly, and that he had failed to conduct himself in a professional manner at a board meeting. The board found other deficiencies in the plaintiff's performance which are now irrelevant because they were not proved to the satisfaction of the Civil Service Commission (commission) on appeal.

The plaintiff appealed his dismissal to the commission under G. L. c. 31, § 43. A hearing officer conducted a de novo hearing and concluded that the four charges described above had been proved. The commission adopted the hearing officer's recommendation that it affirm the board's

action, stating that the proved charges, when taken in the aggregate, were sufficiently serious to warrant the action of the appointing authority in discharging the employee.

The plaintiff then filed a petition for judicial review in a District Court, pursuant to G. L. c. 31, § 45, as appearing in St. 1970, c. 711. In conjunction with this petition, the parties filed motions to add to the record, which in effect were motions to take further evidence. The motions were allowed and the case was remanded to the commission with instructions. In response to the plaintiff's motion to add to the record, the judge ordered the commission to receive in evidence certain sections of the by-laws of the town and certified copies of the minutes of meetings held by the board on August 5, 1957, February 5, 1958, and June 9, 1971. These documents were relevant to the charge that the plaintiff had failed to comply with required office procedures and to maintain proper work hours. The commission was instructed to reconsider this charge in light of the further evidence to be taken. The evidence the commission was ordered to receive in response to the defendants' motion is unimportant to the issues presented in this appeal, and therefore we do not discuss it.

Pursuant to the District Court's remand order, a hearing was conducted by a second hearing officer on February 28, and April 17, 1980. The plaintiff and the defendants presented evidence. In addition, with the agreement of the parties, the hearing officer reviewed a transcript of the evidence presented at the first hearing. The second hearing officer concluded that the four charges were proved and that, taking the charges collectively, the termination of the plaintiff's employment was warranted. The commission adopted the findings of the second hearing officer and affirmed the board's action.

The plaintiff again appealed to the District Court. See G. L. c. 31, § 44, inserted by St. 1978, c. 393, § 11. The court affirmed the commission's decision, ruling that it was supported by substantial evidence and was not arbitrary, capricious, or erroneous as a matter of law. The plaintiff

then filed in the Supreme Judicial Court for Suffolk County a complaint in the nature of certiorari pursuant to G. L. c. 249, § 4, and a petition for relief under G. L. c. 211, § 3. After a hearing, a single justice denied the relief sought by the plaintiff, and the plaintiff appealed to the full court.

The single justice correctly denied the plaintiff's request for relief pursuant to G. L. c. 211, § 3. The court's powers under that section "should be exercised only in exceptional circumstances and [only] where necessary to protect substantive rights in the absence of an alternative, effective remedy." *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). An alternative effective remedy is provided by an action in the nature of certiorari, pursuant to G. L. c. 249, § 4. Such an action provides "an appropriate remedy for reviewing a decision of the commission." *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston*, 369 Mass. 84, 90 (1975). See *Debnam* v. *Belmont*, 388 Mass. 632, 634 (1983); *Whitney* v. *District Court of N. Berkshire*, 271 Mass. 448, 458 (1930).

Accordingly, we treat this as an action in the nature of certiorari. In such an action this court will correct only "substantial errors of law apparent on the record adversely affecting material rights." *Commissioner of Revenue* v. *Lawrence*, 379 Mass. 205, 208 (1979), quoting *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston*, *supra*. The court will exercise its discretion to correct only those errors which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interests of the general public. *Whitney* v. *District Court of N. Berkshire*, *supra* at 458-459. Our inquiry is whether the plaintiff was entitled to relief from the single justice according to this standard.

The plaintiff contends that the District Court judge committed substantial error by affirming the commission's determination that the plaintiff's employment was justifiably terminated and that that error should have been corrected by the single justice. The plaintiff argues specifically that the commission's decision was arbitrary and capricious,

was an abuse of the commission's discretion, and was based on two errors of law. The first alleged error of law was that the second hearing officer admitted evidence beyond the scope of the District Court remand order. The second alleged error of law was that the cause for discharge found by the second hearing officer was different from the cause assigned by the board. The plaintiff also argues that a comment made by the single justice "suggested a personal bias against the use of profanity in the workplace, which might have influenced his final decision, and thereby amounts to an abuse of discretion such as to require a review of this case by the full court."

We set forth the significant findings made by the second hearing officer. The scheduled work hours of the plaintiff, who had been a department head for sixteen years, were from 8:30 A.M. to 5 P.M. He was required to use a sign in/ sign out sheet to note his time of arrival and departure, as well as his whereabouts during the work day. The plaintiff's normal practice was to arrive at work between 9 A.M. and 9:30 A.M. He failed to utilize the sign in/sign out sheet despite having been reminded to do so on numerous occasions by the chairman and by a member of the board. On several occasions, the chairman and another board member attempted to contact the plaintiff during the work day, but were informed by the plaintiff's staff that he was out of the office and unavailable. On one occasion in 1976, the plaintiff was discovered at a commercial establishment during the work day for a purpose unrelated to his employment. These findings related primarily to the charge that the plaintiff failed to comply with office procedure and to maintain proper work hours.

With respect to the charge of failure to administer the budget properly, the hearing officer found that the plaintiff was responsible for all billing of public health programs and that he did not secure proper authorization for transfers of appropriations. She found that the plaintiff was responsible for preparing the budgets for fiscal years 1975-1977, that there was a deficit in the fiscal year 1975-1976 medical

clinic budget due to a transfer of money out of that account, and that, as a result, salary commitments to two individuals could not timely be met. The hearing officer also found that the plaintiff exceeded his authority by entering into a contract for the rental of cassette recorders and a transcriber unit without inviting competitive bids as required by the town by-laws.

With respect to the charge of failure to supervise the office and personnel properly, the hearing officer found that the plaintiff "ha[d] not been able to direct his clerical staff to perform the duties of transmitting records or providing access to the budget books in a prompt and efficient manner." The hearing officer further found, with respect to the charge of improper conduct at a meeting, that "[a]t a public meeting of the Watertown Board of Health on June 24, 1976, Dr. Murray did conduct himself in a manner not becoming a professional by calling [members of] the Board 'animals, bastards and son of a bitch' and that there was no provocation of sufficient gravity to excuse his conduct."

At the time his employment was terminated the plaintiff was protected from discharge "except for just cause" and, if discharged, had the right to appeal to the commission for a hearing de novo. G. L. c. 31, § 43 (a) and (b). When the plaintiff sought judicial review of the commission's second decision, G. L. c. 31, § 44, inserted by St. 1978, c. 393, § 11, provided that the District Court "may affirm the decision of the commission if it finds that such decision was justified . . . [and that] [t]he court may set aside and reverse the decision of the commission if it finds that such decision . . . is based upon an error of law; or . . . is arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."

Although the plaintiff does not challenge the commission's findings set forth above, he argues that the commission's failure to modify the penalty imposed by the appointing authority was arbitrary, capricious, and an abuse of discretion. Under G. L. c. 31, § 43, the commission had discretion to modify the penalty imposed by the appointing

authority. The plaintiff argues that the commission abused this discretion when it affirmed the imposition of an excessive penalty. He maintains that his discharge was an excessive penalty because his misconduct did not cause direct and substantial harm to the public, and because a less severe penalty would have protected the public as well as did the penalty imposed. The plaintiff directs our attention to cases from other jurisdictions which hold that dismissal of a permanent civil service employee must rest on a substantial ground of misconduct that renders the employee's continuance in his position detrimental to the discipline or efficiency of the service, see *Arizona Dep't of Pub. Safety* v. *Dowd*, 117 Ariz. 423, 428-430 (Ariz. Ct. App. 1978); *Tudor* v. *University Civil Serv. Merit Bd.*, 131 Ill. App. 2d 907 (1971); *Swezey* v. *State Dep't of Social & Rehabilitation Servs.*, 1 Kan. App. 2d 94, 98-100 (1977), or that directly affects the rights and interests of the public, *Hagen* v. *State Civil Serv. Bd.* 282 Minn. 296, 298-299 (1969); *Oakes* v. *West Virginia Dep't of Fin. & Admin.*,        W. Va.        ,
-        (1980) (264 S.E.2d 151, 152-153 [W. Va. 1980]). He also cites *Skelly* v. *State Personnel Bd.*, 15 Cal. 3d 194, 217-219 (1975), in which the Supreme Court of California held that the dismissal of an employee for extending his lunch break beyond his allotted hour on numerous occasions, generally by five to fifteen minutes, and for twice leaving the office for several hours without permission, was an excessive penalty disproportionate to the charged misconduct, and was an abuse of discretion.

"'The purpose of civil service legislation was to protect efficient public employees from partisan political control,'" *Debnam* v. *Belmont*, 388 Mass. 632, 635 (1983), and not "to prevent the removal of those who have proved to be incompetent or unworthy to continue in the public service," *Cullen* v. *Mayor of Newton*, 308 Mass. 578, 581 (1941). We agree that, in order to carry out the legislative purpose, the appropriate inquiry is whether the employee has been guilty of substantial misconduct which adversely affects the public interest by impairing the efficiency of the public service.

The facts found by the commission, however, viewed in the aggregate, do support the penalty of discharge from employment. We decline to require the commission to speculate, or to speculate ourselves, as to whether a less severe disciplinary measure would have secured appropriate employee behavior. None of the cases cited by the plaintiff supports such a rule.

The plaintiff argues that he was entitled to relief from the single justice because the District Court judge affirmed the commission's decision despite the admission of evidence before the second hearing officer that was beyond the scope of the District Court's remand order. He contends that if that evidence had not been admitted, the commission's conclusion that the plaintiff failed to maintain proper work hours would not have been supported by substantial evidence, with the result that the charges, viewed in the aggregate, would not have supported termination of his employment. The plaintiff argues specifically that the second hearing officer erred by admitting in evidence a copy of the minutes of a board meeting held June 15, 1965, and the testimony of two board members.

During the course of the hearing before the second hearing officer, the officer specifically asked plaintiff's counsel whether he objected to the admission of the minutes of the June 15, 1965, meeting. Counsel responded, "That may go into evidence." "A party is not entitled to raise arguments on appeal that he could have raised, but did not raise, before the administrative agency . . . ." *Albert* v. *Municipal Court of the City of Boston*, 388 Mass. 491, 493 (1983). *Shamrock Liquors, Inc.* v. *Alcoholic Beverages Control Comm'n*, 7 Mass. App. Ct. 333, 335 (1979). The plaintiff may not now assert that the admission in evidence of the minutes of the June 15, 1965, meeting was error.

Plaintiff's counsel seasonably objected to the testimony of the board members at the hearing before the second hearing officer. On appeal, the plaintiff contends that the admission of this testimony prejudiced him because it undermined his claim that he was not required to work from 8:30 A.M. to

5 P.M. We disagree. The minutes of the June 15, 1965, meeting establish that at that meeting the board adopted a rule that "[t]he work day of the Health Department Personnel shall be from 8:30 a.m. to 5 p.m." The admission of these minutes, which we have held was not error, totally undermines the plaintiff's claim that he had no set work hours. The testimony of the board members only mirrored the clear language of the board's rule and added nothing significant to the board's proof.

The plaintiff's contention that the cause for discharge found by the second hearing officer was different from the cause assigned by the board also is without merit. It is true that a decision of the commission is not justified if it is not based on the reasons specified in the charges brought by the appointing authority. See *Mayor of Somerville* v. *District Court of Somerville*, 317 Mass. 106, 113 (1944). The plaintiff has not shown, however, that the commission's decision was based on allegations other than those specified by the defendants. The plaintiff points to the conclusion expressed in the second hearing officer's recommended decision that "the Appointing Authority was justified in imposing disciplinary action with respect to all four of the charges in that the Appellant demonstrated consistent tardiness and absenteeism, insubordination toward his superiors, an inability to carry out his administrative duties, and unprofessional behavior towards his fellow workers." The language chosen by the hearing officer does not establish that either her recommendation or the commission's subsequent decision was based on allegations other than those specified in the charges brought by the appointing authority.

The plaintiff's final contention is that a comment by the single justice "suggested a personal bias against the use of profanity in the workplace, which might have influenced his final decision, and thereby amounts to an abuse of discretion such as to require a review of this case by the full court." Both hearing officers found that at a public meeting of the board the plaintiff called members of the board "animals, bastards and son of a bitch" and that there was

insufficient provocation to excuse the plaintiff's conduct. During oral argument before him the single justice remarked, "I'm not sure that calling your boss an S.O.B. isn't considered grounds for termination in most situations." There was no impropriety in the single justice's remark. In any event, for the reasons stated, we are satisfied that the single justice correctly denied the relief requested by the plaintiff. The order of the single justice is affirmed.

*So ordered.*