Cratsley, J.
The plaintiffs challenge the decision of the Conservation Commission of the Town of Blackstone (“Commission”) which denied them permission to develop one of thirty-eight lots owned by plaintiff FIC Homes of Blackstone, Inc. (“FIC”). The plaintiffs allege that the Commission’s decision should be annulled after review in the nature of certiorari under G.L.c. 249 §4. They also allege that the General Wetlands By-law of the Town of Blackstone (“Local ByLaw”), Chapter 119 of the Town of Blackstone *142 By-Laws, is preempted by State law and that the Commission’s decision constitutes an unconstitutional taking.
FINDINGS OF FACT
The plaintiffs here are FIC and Pascack Builders, Inc. (“Pascack”). FIC, a Rhode Island corporation, owns thirty-eight lots in Federal Hill Estates, a sixty-eight-lot residential subdivision located in Blackstone, Massachusetts. Pascack, also a Rhode Island corporation, is a construction company affiliated 'with FIC. The defendants are the Commission and the Town of Blacks tone.
In 1987, a prior owner and developer of Federal Hill Estates filed a Notice of Intent with the Commission, as required by the Massachusetts Wetlands Protection Act (“WPA”), G.L.c. 131, §40, and the Local By-law, to develop the subdivision. The Notice of Intent included proposed construction of a single-family dwelling on Lot 48 (“the Lot”). On March 20, 1987, pursuant to the Local By-law, the Commission issued an Order of Conditions granting permission for development of the subdivision, including the proposed construction on the Lot. Subsequent tax bills reflect that FIC has paid taxes on the Lot based on its assessed value as build-able property.
In 1991, the Local By-law was amended, by §119-12(B), to require a one-hundred-foot setback of all building from any wetland area. FIC acquired the Lot on July 15, 1992. On September 3,1992, Pascack filed a Notice of Intent which proposed construction of a single-family dwelling and driveway on the Lot. The Notice of Intent was filed pursuant to the WPA and §119(q) of the Local By-law. A small portion of the Lot is a vegetated wetland bordering an unnamed stream. The majority of the Lot is within the one-hundred-foot buffer zone adjacent to the wetland. The Notice of Intent proposed to place the entire driveway and a portion of the house within the buffer zone.
The Commission’s hearing on the defendants’ proposal commenced on September 29, 1992 and continued on October 20, 1992, November 10, 1992, December8, 1992, and January 12, 1993. During the hearing, Blackstone residents and abutters expressed concerns with regard to development of the Lot. The plaintiffs presented alternative plans and altered the layout and design of the proposed development of the Lot in an effort to address concerns raised by abutters and Commission members. At the conclusion of the hearing, on January 12, 1993, the Commission voted to deny permission for the plaintiffs’ proposed project. A written Denial of Order of Conditions was issued by the Commission on February 1, 1993.
The Commission’s Denial of Order of Conditions sets forth the following as the grounds on which it is based:
1.Under the WPA, the project will adversely impact ground water supply, storm damage prevention, prevention of pollution, and protection of wildlife habitat. “Presumption of significance has not been overcome on Lot 48 in relation to the scope of the subdivision, and previous impacts to this Lot 48 and adjacent lots have not been taken into consideration.”
2. Under the local by-law, “presumption of significance was not overcome in relation to ground water supply, storm damage prevention, prevention of pollution and protection of wildlife habitat. The proposed activity on Lot 48 in relation to the scope of the subdivision and previous impacts to Lot 48 and adjacent lots have not been taken into consideration.
3. The project violated Local By-law §119-12(B) which states that “(e)very proposed building shall have a one-hundred foot set back from any wetlands ...” unless a variance is granted by five of the seven members of the Commission.
4. The proposed project, “in conjunction with the overall scope of the subdivision would adversely alter the area according to §3.4 of the local by-law.”
Subsequently, pursuant to the WPA, the plaintiffs sought and obtained from the State Department of Environmental Protection (“DEP”) a Superseding Order of Conditions granting permission to develop the Lot. The DEP issued the order on July 27, 1993. Soon after, representatives of the plaintiffs met with Commission members to request that the Commission withdraw its denial and accept the DEP’s order to allow development of the Lot. The Commission declined to do so.
The plaintiffs argue that: the Commission’s decision should be annulled after review in the nature of certiorari pursuant to G.L.c. 249, §4 (Count I); the Local By-law is preempted by the WPA and regulations promulgated pursuant to the WPA (Count II): and the Commission’s Denial of Order of Conditions constitutes a regulatory taking for which compensation is due (Count III). The plaintiffs also seek to recover costs and attorneys fees.
RULINGS OF LAW
The WPA, G.L.c. 131 §40, sets forth minimum standards, “leaving local communities free to adopt more stringent controls.” Lovequist v. Conservation Comm’n of Dennis, 379 Mass. 7, 15 (1979). See also 310 Code Mass. Regs. 10.01(2) (1989) (“nothing contained herein should be construed as preempting or precluding more stringent protection of wetlands . . . by local by-law”). When a local by-law imposes more stringent protection of wetlands than the WPA, the local conservation commission has final decision-making power with regard to proposed development and a land owner has no right to seek review by the DEP under the WPA. DeGrace v. Conservation Comm’n of Harwich, 31 Mass.App.Ct. 132, 135-36 (1991). Where local by-laws incorporate the controls of the *143 WPA and do not create stricter protection, however, a landowner has a right to seek DEP review pursuant to the WPA, and the DEP decision supersedes that of the local conservation commission. Id. at 136.
In the case at bar, the Local By-law imposes more stringent controls that those contained in the WPA. The DEP Order of Conditions, therefore, does not supersede the Commissions’ decision. Local By-law §119-12(B) requires that “(e]very proposed building shall have a one-hundred foot set back from any wetlands.” This requirement is not found in the WPA or regulations promulgated thereunder. The Conservation Commission, accordingly, has final decision-making authority with regard to the plaintiffs’ Notice of Intent.[3]
Preemption
In Count II, the plaintiffs allege that the WPA preempts the Local By-law. Under the Home Rule Amendment of the Constitution of Massachusetts and the Home Rule Procedures Act, “a city or town may adopt local ordinances or by-laws to exercise ‘any power or function which the general court has power to confer upon it, which is not inconsistent with the constitution or laws enacted by the general court in conformity with powers reserved to the general court. . .’ ” Wendell v. Attorney General, 394 Mass 518, 523 (1985) (quoting Mass. Const. Art. Amend. 2, §6, as amended by Art. 89, and G.L.c. 43B, §13). To find that local law is inconsistent with state law, “(t]he legislative intent to preclude local action must be clear.” Id., quoting Bloom v. Worcester, 363 Mass. 136, 155 (1973). Such intent can be found in an explicit statement or when the local law in question “prevents the achievement of a clearly identifiable purpose.” Id at 524.
The court finds no inconsistency between the Local By-law and the WPA. To the contrary, the Supreme Judicial Court has specifically held that the WPA sets forth minimum standards only, allowing local government to adopt more stringent controls. Lovequist, supra at 15 (quoting Golden v. Selectmen of Falmouth, 358 Mass. 519, 526 (1970)). Moreover, the Local Bylaw clearly furthers the legislative purpose embodied in the WPA.
Certiorari
In Count I, pursuant to G.L.c. 249, §4, the plaintiffs seek review of the Commission’s Denial of Order of Conditions. In an action in the nature of certiorari under G.L.c. 249, §4, the Commission’s decision must be based on substantial evidence and reasoning relevant to the evidence presented to it. Lovequist, supra at 17. The court “will correct only substantial errors of law apparent in the record adversely affecting material rights.” Murray v. Second District Court of Eastern Middlesex, 389 Mass. 508, 511 (1983) (citations omitted). “The court will exercise its discretion to correct only those errors which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interests of the general public.” Id. (citation omitted).
The plaintiffs argue that the Commission’s decision should be annulled. According to the plaintiffs: (1) the Commission applied the wrong standard of proof in imposing a presumption of significance which the plaintiffs have the burden to overcome; (2) the Commission’s decision was improperly based principally on “previous impacts” resulting from prior subdivision development, considerations outside the scope of the Local By-law; and (3) the Commission’s conclusions are contrary to the evidence that was before it.
The plaintiffs’ arguments must fail. Placement of a portion of a building within the one-hundred-foot buffer zone without procurement of a variance, in violation of Local By-law §119-12 (B), is alone sufficient to sustain the Commission’s decision. As discussed above, the one-hundred-foot set back requirement is not preempted by the WPA. Rather, the protection by the Local By-law of buffer zones as resource areas constitutes a more stringent control over which the Commission has decision-making authority. DeGrace, supra at 135-36. Accordingly, it is permissible for the Commission to adopt a presumption of significance for projects within one hundred feet of a bordering vegetated wetland even though the state law’s less stringent controls impose the presumption only on projects that are within the limits of a bordering vegetated wetland. See 310 Code Mass Regs. 10.55(3).
Moreover, the court finds nothing impermissible in the Commission’s consideration of the impact of previous development. Such preexisting circumstances appear to be highly relevant to an assessment of the potential effects of a proposed project. Accordingly, after a review of the record, the court finds that the Commission’s denial of the plaintiffs’ proposal to develop Lot 48 was based on substantial evidence and reasoning relevant to the evidence before the Commission.
Unconstitutional Taking
The plaintiffs maintain that the Commission’s Denial of Order of Conditions, without compensation to FIC, constitutes an unconstitutional taking.[4] As owner of Lot 48, FIC is entitled to compensation if it had a reasonable, investment-backed expectation that it would be able to develop Lot 48 and the 1991 amendment to the Local By-law and 1993 Denial of Order of Conditions stripped the property of any economically beneficial or productive use. See Lucas v. So. Carolina Coastal Council, 112 S.Ct. 2886, 120 L.Ed.2d 798, 820-22 (1992); Steinberghv. Cambridge, 413 Mass. 736, 742-43 (1992), cert, denied, 113 S. St. 2338 (1993).
Property may be subject to reasonable restraints and regulation in the public interest. Lovequist, supra at 19. A government entity may not, however, without *144 compensation, strip private property of all practical value, or beneficial uses, leaving the owner only with the burden of paying taxes on it. Id. at 20; Turnpike Realty Co. v. Dedham, 362 Mass. 221,235 (1972), cert, denied, 409 U.S. 1108 (1973). Where a governmental entity declares “off-limits” all economically productive or beneficial uses of a parcel, compensation can be avoided only if the law in existence at the time the owner acquired title required such a limit on the use of that land. Lucas, supra at 820-21; Steinbergh, supra at 742-43.[5]
In the case at bar, FIC is not entitled to compensation even if the Commission’s decision precludes any economically productive or beneficial use of Lot 48. Notwithstanding FIC’s apparent reliance on the Commission’s 1987 Order allowing construction on Lot 48 and FIC’s payment of taxes based on the buildable value of the Lot, the “bundle of rights” that FIC acquired when it obtained title to Lot 48 in 1992 did not include a right to develop the Lot. See Lucas, supra at 820. FIC acquired title to the Lot in 1992. The Local By-law, as amended in 1991 by §119-12(B), specifically provides that an owner may not build within one hundred feet of any wetland unless he first obtains a variance. Accordingly, there has been no taking.
ORDER
For the foregoing reasons, it is hereby ORDERED that the February 1, 1993 Denial of Order of Conditions issued to Pascack Builders, Inc. by the Conservation Commission of the Town of Blackstone be AFFIRMED. It is further ORDERED that judgment enter for the defendants.

Local By-law §119-2 mandates that a notice of intent be filed prior to any development within the one-hundred-foot buffer zone. The WPA pursuant to 310 Code Mass. Regs. 10.02(b), leaves to the local conservation commission the determination of which activities within the one-hundred-foot “buffer zone” surrounding a wetland require the filing of a notice of intent. In addition, Local By-law §119-12(A) provides that the Conservation Commission may deny permission for development while the WPA provides only for imposition of conditions on development. See Lovequist, supra at 15. Neither of these procedural requirements constitutes a substantively more stringent control than that which is embodied within the WPA. See DeGrace, supra at 136.

The State Constitution, in Art. 10 of the Declaration of Rights, and the Federal Constitution, in the Fifth Amendment which is applicable to states through the Fourteenth Amendment, both contain “Takings” clauses. The standards of the federal clause are utilized in application of the state clause. See Steinberghv. Cambridge, 413 Mass. 736, 738 (1992), cert denied, 113 S.Ct. 2338 (1993).

In a recent opinion, the Supreme Judicial Court interpreted and applied Lucas but did not reach the question of whether the plaintiff was entitled to compensation as one who acquired title to land subsequent to adoption of a challenged ordinance. Lopes v. City of Peabody, 417 Mass. 299, 302-03, n.7 (1994). Rather, the court remanded the case to Land Court for consideration of that question and others in light of Lucas, commenting that “(t]he Lucas opinion appears to have changed, or at least refocused, the applicable standards for determining whether, for federal constitutional purposes, there has been a regulatory taking of property.” Id. at 304.