Travers, J.
INTRODUCTION
The Defendants Southbridge Retirement Board (the SRB) filed a Motion for Judgment on the Pleadings Pursuant to Mass.R.Civ.P. 12(c).[2] The Plaintiff Town of Southbridge (Southbridge) opposed the motion and filed a cross-motion. For the following reasons, the Plaintiff, Town of Southbridge’s Complaint is hereby DISMISSED.
BACKGROUND
After over 20 years of service as a police officer with the Town of Southbridge, the Defendant John C. Litchfield (Litchfield) applied to the SRB for accident disability retirement benefits. In support of his petition for benefits, Litchfield submitted a list of 93 incidents to which he claimed involvement as a police officer.[3] It is these incidents which Litchfield claims caused his disability, namely Post Traumatic Stress Disorder (PTSD).
In addition to the list of incidents, Litchfield submitted the report of Dr. Mark Cutler, a psychotherapist and pharmacotherapist. After twelve sessions with Litchfield, Dr. Cutler found that Litchfield was unfit to perform the duties of a police officer due to the traumatic events listed in the incident list. His findings were set forth in a letter dated January 23, 1995.
Prior to his visits with Dr. Cutler, Litchfield was examined by Dr. John Madonna, Licensed Psychologist and Administrative Director of the Chandler Street Associates, Police Services Division. Dr. Madonna met with Litchfield on four occasions for therapy. His letter, *698 dated October 5, 1994, stated that in his opinion, Litchfield is not suffering from PTSD.
The SRB appointed a regional medical panel to review Litchfield’s claimed disability and submit opinions to the SRB. Each of the three members of the medical board (James Robinson, M.D.; Lloyd Sederer, M.D.; and Daniel Weiss, M.D.) diagnosed Litchfield as suffering from PTSD which incapacitated Litchfield and was likely to be permanent.[4]
Based upon the findings of the regional medical panel, two hearings were held, with Litchfield, the SRB, and Southbridge (through the Police Department) present. At the hearings, Litchfield testified to certain events listed in his incident list, and the police department presented contradictory evidence.
After the hearing and presentation of evidence, the SRB issued a Certificate of Decision granting retirement benefits to Litchfield. The decision was affirmed by the Commissioner of the Public Employee Retirement Administration. Southbridge received notice of the decision.
Southbridge did not appeal the decision to the Contributory Retirement Appeal Board pursuant to G.L.c. 32, §16(4), but rather filed an action of certiorari under G.L.c. 249, §4, requesting that the Court quash the decision of the SRB. Southbridge alleges in its complaint that the SRB made improper findings based on the evidence before it. The Defendants SRB and Litchfield moved for judgment on the pleadings. Southbridge opposed the Defendants’ motions, and cross-moved for judgment in its favor.
DISCUSSION
This Court need not reach the merits of the Motions, because Southbridge lacks standing to bring this certiorari action. Challenges to standing may be brought at any time, including before or after trial on the merits, provided the lack of standing is supported by the record See, Barvenik v. Bd. of Aldermen of Newton, 33 Mass.App.Ct. 129, 131, n.6 (1992).
Certiorari is a discretionary remedy, and will not issue absent a “showing of substantial injury or manifest injustice.” Marram v. Fourth Dist. Ct. of E. Middlesex, 353 Mass. 770 (1968). See, Walsh v. Dist. Ct. of Springfield, 297 Mass. 472, 474 (1937) (“It is the general rulé that certiorari will not issue in the absence of substantial injury or manifest injustice to the petitioner”).
An action under G.L.c. 249, §4[5] may be brought by a party to “correct only those errors which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interests of the general public.” Murray v. Second Dist. Ct. of E. Middlesex, 389 Mass. 508, 511 (1983), citing Whitney v. Dist. Ct. of N. Berkshire, 271 Mass. 448, 458, 459 (1930).[6] See, Carney v. Springfield, 403 Mass. 604, 605 (1988). Thus, whether a plaintiff has standing to bring an action in the nature of certiorari is determined by the harm to plaintiff or the public. Murray, 389 Mass. at 511.
In the present case, Southbridge rebuts the argument that it lacks standing by claiming that standing is conferred upon it by virtue of the “substantial training and resources [invested] in the defendant for over 20 years.” Southbridge also claims that because it was a party to the SRB hearings, it has standing to seek judicial review.
While the controlling regulation, 840 C.M.R. §10.04 (1993) requires the member’s employer, here the Southbridge Police Department, to be a party to the retirement proceedings, this regulation does not control issues of standing for purpose of certiorari actions. As set forth above, Southbridge must demonstrate that it has suffered a “manifest injury or substantial injustice” by virtue of the SRB’s decision to grant Litchfield retirement benefits. Southbridge cannot rely upon its prior “investments" in its employees to find standing. Indeed, Southbridge is required to train its officers, lest it be scrutinized for inadequacy and negligence.
Furthermore, neither the pleadings nor Southbridge’s Opposition and Cross-Motion meet this standard. The parties do not contest that Southbridge is not required to pay the retirement benefits. The retirement funds are paid from a separate entity. Thus, absent another source of injuiy or substantial injustice, it cannot be said that Southbridge is an aggrieved party with standing to bring this action.
Where a plaintiff lacks standing, the proper disposition is dismissal of the complaint. See, Save the Bay, Inc. v. Dep’t of Public Utilities, 366 Mass. 667, 672 (1975); Circle Lounge & Grille, Inc. v. Bd. of Appeals of Boston, 324 Mass. 427, 433 (1949).
ORDER
For the foregoing reasons, it is hereby ORDERED that the Plaintiff Town of Southbridge’s Complaint is DISMISSED.

 The Defendant John C. Litchfield joined SRB’s motion pursuant to G.L.c. 249, §4.

 Litchfield submitted this statement pursuant to the requirements of the Intent to Retire application, Par. 10, requiring a statement of “personal injury sustained or hazard undergone.” For this Memorandum and Order, this list is referred to as the incident list or list of incidents.

 Dr. Sederer conditioned his diagnosis upon a finding that the list of incidents was true, and that Litchfield’s history of drug and alcohol abuse was a complication of PTSD. Drs. Weiss and Robinson noted that Litchfield’s PTSD is chronic.

 G.L.c. 249, §4 (West 1996) reads, in pertinent part: “A civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of common law, which proceedings are not otherwise reviewable by motion or by appeal, may be brought in the . . . superior court

 Southbridge does not claim to bring this action on behalf of the general public of the town, but apparently only on behalf of the police department’s interests.