Donohue, J.
INTRODUCTION
The Petitioner, Brian Quintín, brought a petition in the nature of certiorari seeking review of a decision issued by the Westborough District Court ordering that Quintal's dog, Sabbath, be humanely destroyed. By agreement, both parties moved for summary judgment. For the following reasons, summary judgment is to enter for the Defendants, and the decision of the Westborough District Court is affirmed.
BACKGROUND
Brian Quintín is the owner of a dog named Sabbath. Sabbath is accused of having escaped from his yard on numerous occasions, jumping upon and scratching a neighbor, jumping upon a small boy, chasing members of the postal service, and biting the Defendant, Claudia Maguire, the animal control officer. It is also alleged that because of Sabbath, the United States Postal Service refused to deliver mail to Ruth Street, Northboro (Sabbath’s residence) so long as the dog was present.
As a result of complaints concerning Sabbath’s actions, a meeting of the Northboro Board of Selectmen was held on May 1, 1997. At that meeting, the Selectmen found that it was necessary to destroy Sabbath “in order to preserve the public safety of all citizens in the Ruth Road area.” Quintín filed a Petition for Review in the Westborough District Court. After review, Clerk Magistrate Cotter affirmed the decision of the Selectmen to destroy Sabbath. Quintín then requested a de novo hearing, and a trial was held in the Westborough District Court on July 31, 1997 and August 1, 1997. Judge John Curran, the trial judge affirmed the order of the Selectmen, finding that Sabbath “is a nuisance by reason of a vicious disposition and that there is no reasonable alternative to abate the nuisance than to humanely destroy the dog.” Judge Curran issued supplemental findings to support his decision, detailing Sabbath’s dangerous actions toward others without provocation and on properly other than Quintin’s property.
Quintín filed the present petition for certiorari on September 29, 1997.
DISCUSSION
The parties do not dispute that the present petition in the nature of certiorari is the appropriate method of review. An action in the nature of certiorari is utilized to correct errors of law which are on the record, and which affect a material right of the petitioner. See Murray v. Justices of the Second Dist. Court of Eastern Middlesex, 389 Mass. 508, 511 (1983), and cases cited; MacHenry v. Civil Service Comm'n, 40 Mass.App.Ct. 632, 634 (1996), and cases cited; G.L.c. 24, §4. “The court will exercise its discretion to correct only those errors which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interests of the general public.” Murray, 389 Mass, at 511 (citation omitted). Quintín does not dispute that the appropriate standard of review was applied by the Westborough District Court, and Quintín does not raise any issue as to his due process rights in this petition.
Because review under G.L.c. 249, §4 is confined to the correction of legal errors on the record, this Court “need only inquire whether the [Selectmen’s] decision was ‘legally tenable and supported by substantial evidence on the record as a whole.’ ” Gloucester v. Civil Serv. Comm’n, 408 Mass. 292, 297 (1990), quoting Commissioner of Health & Hosps. of Boston v. Civil Serv. Comm’n, 23 Mass.App.Ct. 410, 411 (1987). See also Bielawski v. Personnel Adm’r of Div. of Personnel Admin., 422 Mass. 459, 464 (1996) (quoting Gloucester). Thus, this Court must decide whether the Northboro Board of Selectmen’s decision, as affirmed by the Westborough District Court, was appropriate under the standard set forth above.
In the present case, the transcript of evidence presented at the Westborough District Court trial is not before this Court; however, the findings and rulings of Judge Curran are part of the summary judg *85 ment record. Judge Curran found that over the past two years, Sabbath attacked numerous people without provocation. Sabbath bit at least five people, including Claudia Maguire, the dog officer who has years of experience handling animals. Sabbath has attacked children, and the dog’s demeanor toward letter carriers has caused the United States Postal Service to suspend mail delivery to the street. All of Sabbath’s attacks have been outside of the Quintin’s property where Sabbath is kept. Sabbath has broken restraint chains. Judge Curran found that Sabbath weighs over 100 pounds, and extremely strong (strong enough to pull a Buick), and not amenable to Obedience School or any other method of disposition alteration. Judge Curran found that the only alternative to humanely destroying Sabbath is to keep Sabbath locked in a heavy reinforced cage. Judge Curran further found that this alternative was not reasonable, and constituted inhumane treatment. For these reasons, Judge Curran found that Sabbath “is a nuisance by reason of a vicious disposition and that there is no reasonable alternative to abate the nuisance than to humanely destroy the dog.”
Based upon the evidence as set forth in Judge Curran’s findings, the conclusion that Sabbath is a nuisance by reason of a vicious disposition is legally tenable and supported by substantial evidence. There is no error of law in the Westborough District Court’s conclusion.
Similarly, this Court rejects Quintin’s contention that humane destruction of Sabbath is not necessary in the present case. Contrary to Quintin’s suggestion, it is clear by the evidence before this Court that Sabbath cannot be controlled. Every attack committed by Sabbath has been away from the Quintin’s property, and on many occasions Sabbath has broken free of his restraints. The Board of Selectmen, and the Westborough District Court, did not commit an error of law in concluding that the humane destruction of Sabbath was necessary to abate the nuisance that the dog presents in the Ruth Road community.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendants, Board of Selectmen of the Town of Northboro and Claudia Maguire — Dog Officer’s Motion for Summary Judgment is ALLOWED. It is hereby further ORDERED that the Petitioner, Brian Quintin’s Motion for Summary Judgment is DENIED.
It is hereby further ORDERED that judgment enter AFFIRMING the judgment of the Westborough District Court.