Donohue, J.
INTRODUCTION
The Petitioner, William Ormonde, and the Respondents, Lynne Bissonnette, Charlie Ryan, and Edward Hammond, each moved for judgment on the pleadings filed in the present case. Ormonde filed an action in the nature of certiorari, seeking review of the disciplinary proceedings which led to a finding of guilt by the respondent, Charlie Ryan, who acted as hearing officer. Ormonde alleges that Ryan relied solely upon the incident report of the respondent, Edward Hammond. Ormonde also alleges that the Respondent, Lynn Bissonnette, improperly denied his appeal of Ryan’s decision. For the following reasons, judgment is to enter for the Petitioner.
BACKGROUND
The Petitioner, William Ormonde, is a prisoner. Ormonde allegedly assaulted another prisoner, Darrell McDougall, for which charges were brought against him in accordance with Department of Correction (DOC) regulations. The Department of Corrections, North Central Correctional Institution, held a disciplinary hearing at which the Respondent, Charlie Ryan, was the hearing officer. Ormonde was found “guilty” at a hearing. Ormonde alleges that prior to the hearing, and in accordance with 103 Code of Mass. Regs. 430.11 and 430.12, he made a written request for the reporting officer, Ed Hammond’s presence at the hearing and that a recording of the hearing be made to preserve the record. Neither of these requests were granted, because Ormonde’s letter was not received by Ryan until after the hearing. Ryan relied solely upon the incident report of Hammond in reaching his decision. Ormonde appealed Ryan’s decision, and the decision was affirmed by Bissonnette, the Superintendent of the prison,
■ Ormonde brought the present action seeking relief from the finding. In his Complaint, Ormonde alleges that the report upon which Ryan relied is not based upon first hand knowledge, and reliance upon the report was an abuse of discretion and was arbitrary and capricious. In addition, Ormonde alleges that the denial of his appeal was an abuse of discretion. The introductory paragraph of the Complaint alleges that the failure to produce Hammond, the reporting officer, violated Ormonde’s Due Process rights and his Right of Confrontation.
In his motion for judgment on the pleadings, Ormonde focuses upon the alleged procedural error of holding a hearing without the presence of the report *67 ing officer or recording the proceedings. The Respondents point out that Ormonde does not allege prejudice from the procedural error, and that the record, consisting of the reporting officer’s report, permits the conclusion that the decision was legally tenable and supported by substantial evidence.
DISCUSSION
This case is filed as an action in the nature of certiorari, which permits this Court to correct errors of law on the record which affect a material right of the petitioner. See Murray v. Justices of the Second Dist. Court of Eastern Middlesex, 389 Mass. 508, 511 (1983) and cases cited; MacHenry v. Civil Serv. Comm'n, 40 Mass.App.Ct. 632, 634 (1996), review denied 423 Mass. 1106, and cases cited; G.L.c. 249, §4. The court, in its discretion, may correct only those errors which caused “manifest injustice to the plaintiff or which have adversely affected the real interests of the general public.” Murray, 389 Mass. at 511 (citation omitted). The applicable standard of review is determined by “the nature of the action sought to be reviewed.” McSweeny v. Town Manager of Lexington, 379 Mass. 794, 800 (1980). If review is appropriate, this Court must determine whether Ryan’s determination was supported by a preponderance of the evidence, as determined by the record in its entirety. See Cepulonis v. Commissioner of Correction, 15 Mass.App.Ct. 292, 293 (1983) (board required to make findings based upon reliable evidence; standard of review was whether findings were supported by reliable evidence).
In essence, Ormonde’s complaint alleges that (1) the failure of Ryan to produce Hammond at the hearing, or to continue the hearing until Hammond could be present, amounted to an error of law which this Court must correct; (2) Ryan’s reliance upon Hammond’s report was arbitrary and capricious, and an abuse of discretion; and (3) Bissonnette’s denial of Ormonde’s appeal was an abuse of discretion. Ormonde alleges that he suffered prejudice as a result of these actions, as the violation of due process rights and the right to confrontation are material rights belonging to Ormonde. See Murray, 389 Mass. at 511.
A. Right to Confrontation
A prisoner does not enjoy either a federal or state right of confrontation in disciplinary proceedings, as such proceedings “do not involve all the constitutional principles applicable to criminal proceedings, such as proof beyond a reasonable doubt and the right to trial by jury. The need for fairness in disciplinary proceedings must be accommodated to the interest of maintaining prison security.” Murphy v. Superintendent, Massachusetts Correctional Inst., Cedar Junction, 396 Mass. 830, 832 (1986). See also Nelson v. Commissioner of Correction, 390 Mass. 379, 390-91 (1983) (prisoner does not have guaranteed right of “confrontation and cross-examination of those furnishing evidence against him” (citations omitted)). Thus, having no right to confront witnesses, Ormonde was not prejudiced by Hammond’s absence at the disciplinary hearing.
B. Due Process Right
A prisoner is entitled to due process if the proceedings against him may result in a loss of a liberty interest. See Nelson, 390 Mass, at 389. The Supreme Judicial Court has recognized the potential discipline of isolation as warranting due process protections. See O’Malley v. Sheriff of Worcester County, 415 Mass. 132, 137-38 (1993). To comply with due process requirements, “a prisoner facing a disciplinary proceeding that may result in the loss of a liberty interest must receive: ‘(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and to present evidence in his defense; (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.’ Superintendent, Mass. Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985), citing Wolff v. McDonnell, 418 U.S. 539, 563-67, 94 S.Ct. 2963, 2978-80, 41 L.Ed.2d 935 (1974).” O’Malley, 415 Mass. at 138.
Ormonde does not allege that he was not given written notice of the charges. Ormonde’s allegations focus upon the absence of the reporting officer and the insufficiency of the evidence used to establish his guilt. Ormonde was given the opportunity to call, and did in fact attempt to secure the presence, of Hammond, the reporting officer. Because of either miscommunication or mail delays, Ryan did not receive this request, and therefore it was not honored. Ormonde has not demonstrated that the Respondents are responsible for Hammond’s absence at the disciplinary hearing. There is no evidence in the record that Ormonde requested at the time of the hearing that Hammond be summonsed to the hearing. It cannot be said that because Hammond was not present at the hearing, the Respondents violated Ormonde’s due process rights.
However, the report relied upon by Ryan does not comply with the DOC regulations, and therefore, does not establish Ormonde’s guilt by a preponderance of the evidence. See Stokes v. Commissioner of Correction, 26 Mass.App.Ct. 585, 588 (1988), review denied 403 Mass. 1106. Ormonde correctly cited 103 Code of Mass. Regs. 430.14 as providing the standard for reliance on a reporting officer’s report without live testimony at the hearing. That regulation states that if the reporting officer is not called to testify, as the Respondents here allege, then “the hearing officer may, at his discretion, accept the reporting officer’s statements in his report as true, provided that the report is based on the officer’s eyewitness account or other personal knowledge." See id. (Emphasis added.) Reporting officer Hammond’s report states as follows:
On 9-7-97 at approximately 1:00 p.m., it was determined through investigation and physical evi *68 dence that Inmate Ormonde, William W61206 did assault Inmate McDougall, Darrell W 60569 on 9-6-97 at approximately 4:00 p.m. I IPS C/O Ed Hammond did determine that during the 4:00 p.m. count Inmate Ormonde did assault McDougall in room 273 of Thompson Hall, by kicking him in the face. The kick caused a visible injury to McDougall’s lips. During questioning Inmate Ormonde refused to answer any questions he did however elude to having problems with his roommate. Inmate Ormonde was advised that he would be receiving a D-report and he is presently housed in BSMU.
The above report does not contain Hammond’s eyewitness account, or detail his personal knowledge about the investigation which led him to conclude that Ormonde did in fact assault McDougall. Instead, the report contains bare allegations of an investigation, without details, and a summary conclusion without factual support. Ryan’s reliance solely upon the report, without more, does not provide sufficient evidence to support his conclusion. A preponderance of the evidence does not support the conclusion that Ormonde committed the alleged assault upon McDougall.
Ryan’s decision does not meet the requirements of due process as established in Wolff, supra. “Applying Wolff, courts routinely have held that records of decisions in disciplinary cases that merely state conclusions about guilt or use rote phrases do not satisfy the requirement that a disciplinary board state the rationale and evidentiary basis of a decision.” Stokes, 26 Mass.App.Ct. at 588. In Stokes, the Appeals Court upheld a decision which made reference to the reporting officers report, stating that the reports were “self-validating” and the rationales for each of the decisions was revealed. See id. at 588-89. In contrast, Ryan’s report indicates that he adopts Hammond’s report as truthful, and states that Ormonde kicked McDougall in the face. Ryan does not offer, either through Hammond’s report or his own findings, any rationale for his conclusions.
ORDER
For the foregoing reasons, it is hereby ORDERED that judgment enter REVERSING the decisions of the Department of Correction, North Central Correctional Institution and Lynn Bissonnette, regarding D-Report Number 97-1179.